## S. T. Conway and others v. The Township Board of Waverly.

*Bill in Chancery to remove cloud upon title, what should set forth: Allegation of illegal taxes, how made.* A bill to restrain the collection of taxes on the ground that they constitute a cloud upon the title, must set forth the description of the lands, or it cannot be sustained. And where it alleges that a part only of the taxes are illegal, it should furnish the court with the information which will enable it to separate the legal from the illegal.

*Heard January 8th. Decided January 14th.*

Appeal in Chancery from Van Buren Circuit.

This bill was filed by twenty-nine complainants to restrain the collection of the taxes for the year 1865, levied against them on the assessment roll of the town of Waverly, Van Buren county.

Neither the description nor value of complainant's real property is set forth in the bill.

The illegal taxes alleged were certain taxes assessed to refund bounties, and which were included in the taxes.

The bill prayed for an injunction.

Defendants demurred for misjoinder, and for want of equity in the bill. The demurrer was sustained and the bill dismissed.

*D. D. Hughes*, for complainant.

1. The case comes under a well recognized head of equity jurisdiction, and may be maintained to remove a cloud from the title of complainants. — *Comp. L.* § 3490; 12 *Mich.* 414; 8 *Id.* 276; 9 *Id.* 94; 10 *Id.* 248; 5 *Id.* 336; 15 *Barb.* 395.

And it makes no difference that the tax or cloud is irregular on its face. — 12 *Mich.* 414; 14 *N. Y.* 9.

The court also has jurisdiction to restrain the defendants within the scope of their jurisdiction and powers. — *Har. Mich. Ch.* 96.

2. The bill is not multifarious for a misjoinder of complainants, or causes of action.

*a.* There is no fixed, inflexible rule by which to test the question of multifariousness or misjoinder of complainants, and each case must stand upon its own circumstances. — 9 *Mich.* 58; *Story's Eq. Pl.* § 284; *Adams' Eq.* 650, *note;* 1 *Barb. Ch.* 62.

*b.* The general and approved rule is, that when the parties have a common interest touching the matter of the bill, they may join, although they claim under distinct titles, and have independent interests; but this rule must yield to questions of convenience. — 2 *Anst.* 469; 9 *Mich.* 59; *Story's Eq. pl.* 120.

*c.* The case comes within this rule as construed by the courts. It is in principle like the case of execution creditors, who may join against the common debtor, who is charged with fraud; such cases do not proceed on the grounds of a common fund, or upon any theory of trust, but on the ground of fraud, to avoid multiplicity of suits, and that they come within the rule. — 6 *Johns. Ch.* 152; 4 *Cow.* 682; 9 *Paige.* 605; 1 *Sand. Ch.* 368.

The case is in principle like the cases of several joining in a bill to restrain a nuisance. — 1 *Barb. Ch.* 59; *Hop. Ch.* 416; *Story's Eq. Pl.* § 286.

CONWAY v. THE TOWNSHIP BOARD OF WAVERLY.

The case comes within the rule, in that it requires but one decree: the interest is common: the pleadings are the same as to all: the proofs are the same as to all: the whole controversy is one transaction: there is nothing peculiar to any one complainant: the interest centers in the one point of the illegality of the tax.

3. The case is not one where jurisdiction depends upon the amount. — *Walk. Ch.* 113.

If it did, the several amounts may be added. — 9 *Paige* 595, 605.

4. The tax is illegal. — *Laws*, 1865, *p.* 140 ; 13 *Mich.* 546.

5. If the demurrer is sustained on the ground of misjoinder, and not for want of equity, the case should be sent back with leave to complainants to sever. — 1 *Dan. Ch. Pr.* 670.

*Stuart, Edwards* and *Severens,* for defendants.

1. The bill is defective for multifariousness of parties.

Several individuals, tax-payers in a municipality, having distinct parcels of property subject to taxation, with no common ownership or interest in the several parcels can not unite in one bill for the purpose of arresting the collector's proceedings to collect an alleged illegal assessment or to sequester the property itself if the assessment be not otherwise collectable.

The threatened wrong, if it be such, affects no common interest, nor does it spring from any common act. The collection of the tax from one man does not affect another, but is an entirely different proceeding, and may produce quite different results, as affecting the interests of each.

*a.* The doctrine of the English Court of Chancery requires that the complainants should have some common interest in the thing affected, to justify their uniting in

one suit. — 1 *Turn. and Russ.* 297; 12 *Simons,* 416; *Story Eq. Pl.* § 121.

The case of several creditors joining in one suit to obtain the application of the debtor's estate is no exception, for there the subject of controversy is the common fund which in equity belongs to the creditor, and their interest extends to the whole fund, their claims though several constituting a joint burden; and it is necessary and proper that the creditors should all be represented in an arrangement involving an appropriation of the common property.

*b.* In this country some courts have gone somewhat further in a particular class of cases than the English rule would allow, and have permitted parties to unite when there was one common act on the part of the defendant which in producing injury to one has also at the same time produced injury to several. On this principle, the court of chancery has in several instances permitted land owners owning distinct parcels, to unite in a bill to restrain the erection of or continuance of a nuisance affecting their lands injuriously. — 15 *Barb.* 375; 43 *Id.* 239.

*c.* This bill is not filed by the complainants in a representative character in behalf of themselves and others, and so not within the scope of those cases spoken of in the case of 13 *Mich.* 551.

Then as to the merits:

2. The jurisdiction of the court of Chancery to restrain the proceedings of public officers, is one to be sparingly and cautiously exercised. And it is a matter of extreme doubt, whether the court should interfere to restrain official proceedings when those proceedings affect the community generally or a class of inhabitants, except upon the suggestion of the Attorney General, who is charged with the duty of taking such legal proceedings as the public good may require. Indeed, it seems to be

pretty well settled that in such a case as is made by this bill, the court will not entertain a suit instituted by one or several tax payers on their own account, the other tax payers not being present or represented, and for aught that appears, willing and desirous that the tax should be collected and applied to the contemplated purpose. — 6 *Metc.* 425; 7 *Cush.* 254; 14 *Conn.* 565; 17 *Id.* 372; 19 *Id.* 128; 6 *Johns. Ch.* 439, 28; 6 *Paige* 133; 18 *N. Y.* 155; 23 *Id.* 318; 28 *Id.* 396; 12 *Pet.* 91; 3 *Atk.* 750; *Amb.* 158; 2 *Anst.* 603; 8 *Sim.* 193, 272; 13 *Mich.* 540; 26 *Wend.* 132.

And several of these cases establish that the rule is the same whether the proceeding affects the whole public, or a geographical district only, or a general political class.

3. The complainants do not show that the proceedings they complain of will affect their lands. The township collector can only reach personalty. He is entirely without power to go farther. If the complainants have personal property he will collect the tax from that. If not, other proceedings supervene under the direction of other officers. And then by possibility a cloud upon the title may be created. This was the point where this court held in 12 *Mich.* 414, that equity might interfere to prevent the proceedings which would culminate in title *de facto*, having a presumption of validity.

At present these complainants are not in a position to file their bill. The presumption is, that the collector will collect from goods and chattels. It is therefore improbable that the proceedings will ever reach the lands themselves. And before the court should proceed, it ought to be satified that in all probability a cloud will be created upon the real estate.

Its preventive jurisdiction will not be exercised until it is apparent that a cloud must necessarily arise from the illegal act. — 5 *Paige* 493; 6 *Id.* 262.

A mere lien which the very proceedings enjoined are adapted to remove, is not a cloud which will properly call for equitable interposition.

If the bill is to be regarded as one filed to prevent a trespass on personal property, it is sufficient to say that there is no averment that the complainants have any of that class, and if there was, it would not make a case for a court of equity. — 2 *Mich.* 560.

The circumstances must be very peculiar to warrant the court in interfering when personal property only is to be affected. — 13 *Mich.* 540.

By this injunction the whole state and county tax of these complainants is withheld from the public treasury. Certainly there should be something very peculiar to justify such hindrance to the collection of the revenue of the state.

CAMPBELL J.

Complainants, twenty-nine in number, filed their bill to restrain the collection of the taxes for the year 1865, levied against them on the assessment roll of the town of Waverly, in Van Buren county. They aver that they are all tax payers and land owners in the township, and set forth the amount which is assessed upon each of them on the assessment roll, which is alleged to be in the usual form, including taxes for state, county and town purposes. One of the complainants avers his aggregate taxes to exceed $100. The rest vary from $6.45 to $85.98. Their property is not described or valued, and the bill does not show what proportion of the taxes was for township purposes. The illegal taxes complained of are certain taxes assessed to refund bounties, which are included in the taxes for township purposes. The bill prays an injunction to prevent the collection of all the taxes on the roll in the hands of the town treasurer. An injunction was allowed on condition that complainants respectively pay into court

the amounts assessed against them respectively, which was done accordingly.

Defendants demurred for misjoinder of complainants, and for want of equity. The demurrer was sustained, and the bill dismissed. The court also ordered the money deposited to be paid over to the town treasurer.

We think the demurrer was well taken. If it should be assumed that complainants can thus join their several causes of individual grievance in one bill, they have entirely failed to point out any tangible grievance of such a specific nature as to enable a court to relieve it. The bill cannot be maintained to remove a cloud upon land without showing what the land is, and there is no averment giving either description, quantity or value. It is not asserted that any part of the tax is illegal except a part of the town tax. As the state and county taxes are separately charged, it was, at least, possible to distinguish the town taxes from the rest, whether the bounty tax was or was not put by itself. No illegality in a town tax could, before the land should be actually sold, affect the other taxes. And complainants, if entitled to relief at all, could only be relieved against the tax which included the illegal charge. It was, therefore, incumbent on them to show distinctly the grievance to be remedied. The bill must be certain enough to furnish the means of giving the precise relief needed. No court can give assistance to a party who does not show what he is entitled to demand. The bill asks relief against what must be presumed to be legal as well as illegal taxes, and the court has no means of ascertaining one from the other, while complainants could have given the means, but have neglected to do so.

Without passing upon the several other questions discussed, we think the demurrer properly sustained for want of equity, and the decree thus far must be affirmed, with costs.

We think, however, that the court could not properly direct the money deposited to be paid over by the register to the township treasurer. The tax for bounty purposes was manifestly illegal, and even if it were not so, there had been no issue or hearing which could enable the court to determine that the parties had no defense against the enforcement of collection in whole or in part. The dismissal of this bill could not affect any legal defenses which any of them might set up against the levy of any of the taxes. And the case being out of court, there is no way now to reach the facts, as there is nothing on record to show the true amount of lawful charges. This portion of the decree must be vacated. But as the decree is affirmed on the merits of the cause, and this has formed no main part of the controversy, the defendants are entitled to their costs in this court.

CHRISTIANCY J. and COOLEY J. concurred.

MARTIN Ch. J. did not sit.