## Stephen N. Palmer et al. v. The Township of Napoleon.

*Bill to restrain collection of illegal taxes, what must allege.* Complainants filed their bill to restrain the collection of certain township taxes alleged to be illegal. The alleged illegality did not extend to all the township taxes, but the complainants had not paid those which were conceded to be legal; nor did the bill show how much was legal and how much was illegal, nor set forth any facts from which the court could make the separation.

*Held,* that such a bill contained nothing from which it could be inferred that there was any difficulty in determining from the tax roll or township records what proportion was legal, and that the collection of a legal tax would not be enjoined in order to reach an illegal one under these circumstances.

*Held,* further, that whenever a party concedes that a portion of his tax is just, but disputes another portion, he is not entitled to the interference of equity to stay the execution of process, unless he pays or offers to pay the legal part.

*Heard October 10th and 11th.    Decided October 22nd.*

Appeal in Chancery from Jackson Circuit.

This was a bill to restrain the collection of certain alleged illegal taxes placed upon the township roll of Napoleon for the year 1865.

The bill in the court below was dismissed.

The facts are stated in the opinion.

*A. Blair*, for complainant, and appellant.

The case is a proper one for equity jurisdiction. The illegal tax had been extended against the complainants, and the lien had attached as absolutely as if the sale had already been made.—12 *Mich.* 420; 13 *Id.* 540.

*Wm. K. Gibson*, for defendant, and appellee.

The allegations in the bill do not constitute a sufficient basis for equitable interference.

The bill does not attempt to point out to the court the amount for which either of complainants have been unjustly taxed to pay bounties. The court has no means of knowing, except by computation. Nor is there any distinct allegation in the bill that any part of said sum raised for bounties has been taxed against either of complainants.

The complainants are bound to set out the true amount of what is claimed to be illegal, for the court would have a right, as one of the conditions of an injunction, to require them to pay what was not illegally raised for township purposes. The court will not, where it can be avoided, prevent the collection, by tax, of moneys which ought to be raised for municipal government. It is no excuse that it would take labor to separate the tax. The defendants insist that this is a fatal defect in the bill, and that the allegation is not sufficient.—25 *Ill.* 557; 17 *Wis.* 284, 442; 15 *Miss.* 577.

COOLEY J.

The bill in this case was filed to restrain the collection of certain taxes placed upon the township roll of Napoleon, for the year 1865, and which are alleged to be illegal. The suit was brought while the tax roll was in the hands of the township collector, on an allegation that the complainants had no personal property in the

township from which the collector could make the tax, and that it was, and would consequently remain a lien upon the land, and a cloud upon complainant's title. The alleged illegality affected only a portion of the township taxes, and it was not disputed that the remainder, as well as the state and county taxes, was legal. The whole amount of the disputed tax levied upon the town is stated, but how much the others were we are not informed. The total of taxes assessed against complainants is set forth, but what part is legal and what illegal we have no means of ascertaining from the bill. The complainants had paid no part of the taxes when the bill was filed, and they allege that they cannot tell what proportion of their taxes is illegal, "for the reason that the same are mixed with the other taxes for township purposes, in the said tax list, and cannot be separated without much labor and difficulty." The injunction asked was to restrain the township treasurer "from proceeding any further in the collection of the said township taxes, and from returning the said lands of your orators to the county treasurer as delinquent for the said taxes."

Upon this bill we do not see how we can grant the relief which the complainants pray. The power to restrain public officers in the collection of the public revenue, is one to be exercised with great caution, and never without a due regard to the public interests which are liable to be so greatly affected thereby. The cases must be very rare where a court would be warranted in restraining the enforcement of a legal tax, in order to reach one that is illegal. Whenever a party concedes that a portion of his tax is just, but disputes another portion, he makes no claim to the interference of equity, to stay the execution of process for collection, unless he pays or offers to pay the part which is legal. " He who seeks equity must do equity;" and there can be no just ground for preventing the enforcement of the legal tax, unless

it is so mingled with the illegal that it is impossible to separate them.

But it is difficult to conceive how such a case could arise. It would certainly be very different from the case before us, where the disputed tax is a fixed sum, so that there is no difficulty in ascertaining the precise proportion it bears to the whole township taxes. It is not alleged that the township roll is made out in any unusual or irregular manner, and if not, it would show upon its face, and by the warrant attached, the total of those taxes. It is to be presumed that the same information is obtainable in the township clerk's office, and there is no allegation that information was applied for there. So far as we know, a simple arithmetical calculation was all that was required to separate these taxes.

The record in this suit, however, did not enable the court below, nor will it enable us, to make the separation. Under these circumstances, we think the court below was correct in denying the injunction and dismissing the bill.—*Conway v. Township Board of Waverly,* 15 *Mich.* 257. Leave to amend does not appear to have been asked in the court below, and we have no occasion to consider what action should have been taken if a motion to that effect had been made.

As upon the ground stated, the bill made no case for equitable interference, we do not deem it proper to enter upon an examination of the alleged illegalities.

The other justices concurred.