## FRANCIS KIRKWOOD V. MAGILL AND McCOY.

1. TAX WARRANT. A tax warrant issued by the County Treasurer, (§ 95, ch. 118, laws of 1866; § 123, ch. 107, Gen. Stat., 1868,) for the collection of unpaid taxes on personal property, cannot be levied on real estate, nor can real estate be sold upon such warrant for unpaid personal property assessments.

2. TAXES ON PERSONAL PROPERTY. *How collected.* Under section 95 of the Tax Law of 1866, (re-enacted as § 123, Tax Law of 1868,) only goods and chattels belonging to the tax-payer can be levied upon and sold under the treasurer's warrant for unpaid taxes on personal property

*Error from Marshall District Court.*

ON the 22d of June, 1866, *Francis Kirkwood* brought his action in the Marshall County District Court to restrain *John McCoy,* as sheriff, from selling certain lands in Marshall county for taxes assessed on the personal property of plaintiff in error for the year 1865, and to restrain *James S. Magill,* as treasurer of said county, from issuing an alias tax warrant or execution. A temporary injunction was granted. The following is a copy of the tax warrant which had been levied on the lands of the plaintiff:

"MARSHALL COUNTY, ss. :

"The State of Kansas to the Sheriff of Marshall County, Greeting:

"You are hereby commanded to levy and collect the sum of Ninety-Five Dollars and Fifty Cents, together with with your fees for collecting the same, of the goods and chattels, *lands and tenements,* of Francis Kirkwood for unpaid taxes on personal property for the year 1865, and to pay the same to the County Treasurer. You will return this warrant within sixty days from the date thereof together with your proceedings indorsed thereon.

"Given under my hand this 23d day of May, 1866.

"JAMES S. MAGILL, Treasurer."

Upon this warrant the sheriff indorsed that he could

find no goods or chattels whereon to levy belonging to *Francis Kirkwood*, and thereupon levied the same upon real estate of plaintiff. The defendants demurred, "that the petition did not state facts sufficient to constitute a cause of action." Upon the final hearing, at the October Term, 1866, the district court decided that the plaintiff was not entitled to the relief sought; the demurrer was sustained, the temporary injunction dissolved, and judgment given in favor of the defendants for costs. The plaintiff excepted; and to reverse that decision the case was brought to this court.

*W. W. Guthrie*, for plaintiff in error.

*Brumbaugh & Bollinger*, for defendants in error.

The counsel for plaintiff in error contended that the law then in force did not authorize the county treasurer to issue a warrant to levy upon and sell *land* for the non-payment of taxes on *personal property*, and cited section 95 of the laws of 1866, page 286, as being the only statute in force authorizing the treasurer to issue his warrant; and that such tax warrant allowed a collection to be made only of the goods and chattels of the tax-payer.

The court held this view of the law to be correct, and *reversed* the decision of the district court.*

---

[* THIS CASE was decided in this court at the January Term, 1867, KINGMAN, C. J., and BAILEY and SAFFORD, JJ., constituting the court.—REPORTER.]