## Oliver P. Pillsbury and others v. William Humphrey and another.

*Injunction bill : Taxes: Assessment: Irregularities.* Where a bill to enjoin the sale of lands for taxes, sets up that each parcel of the lands was assessed for state, county, town, highway and school taxes, stating in round numbers the total sum against each parcel, without distinguishing in any way the different taxes, if the complainants fail to show that all these several taxes were

irregularly assessed, their bill will not be sustained. In this case the complainants having failed to prove the illegality of the state and county taxes, or to show payment or tender of the same, their bill was properly dismissed; the legal charge will not be enjoined in order to cut off that which may be illegal.

*Taxes: Certificate: Statute construed.* The fact that the clerk of the board of supervisors, in certifying the amount of taxes apportioned to be assessed upon the property of each township, etc., followed the old law which had been repealed, and included only the state and county taxes, instead of including, also, the other taxes, as required by the law then in force, cannot impair the validity of the state and county taxes which were certified; the objection to such certificate that it did not include the other taxes is, in its bearing on the taxes which were certified, a mere formal one, not reaching the merits, and under our statute *(Sess. L., 1869, pp. 325, 377, § 163)* a tax cannot be held illegal on such a ground.

*State and county taxes.* State and county taxes are wholly distinct in their object, destination and amount from the other taxes; they stand upon their own necessity, and have no such natural or legal connection with the others as to be necessarily involved in the same fate.

*Bill in equity: Taxes: Non-residents.* The naked charge that the lands of non-resident complainants are assessed higher, relatively, than the lands of residents, is not alone sufficient to afford a ground for equitable interference.

*Heard October 31.    Decided November 23.*

Appeal in Chancery from Mecosta Circuit.

*Hughes, O'Brien & Smiley,* for complainants.

*Dwight May, Attorney General,* for defendants.

GRAVES, J.

The circuit court for the county of Mecosta, in chancery, heard this cause on pleadings and proofs, and dismissed the bill, and the complainants appealed. The final object of the suit is, to prevent a sale of the lands described in the bill for the non-payment of the taxes charged against them on the roll for 1869. The lands affected lie in six specified townships in Mecosta county, and the bill states that each parcel was assessed for state, county, town, highway and school taxes. The total sum against each parcel is set forth in round numbers, without distinguishing in any way, the different taxes.

Several irregularities are imputed, but the most conspicuous, and those mainly relied on, do not relate to the

state and county taxes. The chief objection to the latter is, that the clerk of the board of supervisors did not make and deliver to the respective supervisors, the certificates of the amounts "apportioned to be assessed upon the property of each township, for state, county, township, fractional school district, and other purposes," as provided by section thirty-two, of the law approved April 6, 1869.—*Sess. L., 1869, p. 325.* But it appears very clearly by the evidence, that certificates were in fact made by the clerk and given to the supervisors, and that these certificates covered the state and county taxes. They however did not embrace the township, school, and other taxes. It is supposed by counsel for complainants, that the officers consulted the act of 1853, and that the omission in the certificates was caused by their not attending to the change effected by the law of 1869; because, by the corresponding provision in the act of 1853, which the regulation of 1869 superseded, the certificates to be delivered by the clerk of the board of supervisors to the several supervisors, were required to include only the taxes for state and county purposes, and the certificates issued were conformable to that provision. This explanation is probably the true one, but of course it does not dispose of the point supposed to be involved.

Now, without inquiring what effect a failure to give *any* certificate would have, and without deciding what effect the failure to certify the taxes other than for state and county purposes should have upon the validity of the charges not certified, we do not perceive in what way the omission to certify the township, school, and other like taxes, can impair the validity of the state and county taxes which were certified. These taxes are wholly distinct in their object, destination and amount, from the others. They are required to be placed upon the roll in separate columns, and in the absence of any thing to the contrary, we must presume that the

taxes complained of were so arranged. The state and county taxes stand upon their own necessity, and have no such natural or legal connection with the others, as to be necessarily involved in the same fate. They would be full as needful and regular if the other taxes were not laid at all, and if the other taxes were improperly laid, or the proceedings connected with them were fatally irregular and therefore they were not embraced by the certificates; or if they were not certified in consequence of some misapprehension or mistake as to the state of the existing law on the subject, the error would extend no further than the taxes implicated.

But if the objection to the certificates, in its bearing on the state and county taxes only, is considered in the greatest latitude which can be claimed for it, it is a mere formal objection, not reaching the merits or implying any prejudice to the rights of complainants, and the law declares that a tax shall not be held illegal on such a ground.—*Sess. L.*, *1869*, *pp. 325*, *377*, § *163.*

The naked charge, that the lands of complainants are assessed higher, relatively, than the lands of residents of the towns in question, is not admitted to be sufficient to afford a ground for equitable interference. But the fact itself is denied by the answer, and is unsupported by the evidence.

The court is therefore unable to discover any ground for enjoining the enforcement of the charges for state and county purposes, and if the objections to the other taxes are admitted to be valid, the suit falls within the principle of *Conway v. Waverly, 15 Mich. 257 ; Palmer v. The Township of Napoleon, 16 Mich., 176 ;* and *Merrill v. Humphrey, Auditor General, 24 Mich., 170.*

The complainants have neither paid, or offered to pay, the state and county taxes, or presented their grievance in any such form as to enable the court to distinguish between

them and the other charges.    Neither the pleadings nor
the proofs, in any way indicate the amount of state and
county taxes, as distinct from the others assessed against
the whole or any parcel of complainants' lands.    "And the
complainants," in the language of the court in *Conway v.
Waverly*, "if entitled to relief at all, could only be relieved
against the tax which included the illegal charge."    The
legal charge will not be enjoined in order to cut off that
which may be illegal.

The decree below should be affirmed, with costs.

The other Justices concurred.