Tbe opinion of the Court was delivered by
Bermudez, C. J.
This is a suit to annul a tax sale of real estate, and to recover the revenues of the property.
The grounds urged are numerous, hut may he condensed into three principal ones.
*124 i.
Irregularities and informalities anterior to the sale.
II.
The illegality of a portion of the taxes for which the property was sold.
III.
Non-compliance by the purchaser, with the terms of the law in the payment of his bid.
Prom a judgment for the defendant, the plaintiff has appealed.
The irregularities and informalities charged in the proceedings anterior to the sale, as invalidating the title claimed, are: that the property was not legally described in the assessment roll; that plaintiff being a non-resident, Ms property should have been placed on the non-resident portion of the roll; that there was no separate roll for Parish taxes in the Parish of Terrebonne, for the years 1872, 1873, 1874 and 1875; that the collector had no warrant to collect for the year of 1875 ; that no legal notice to pay was given; that the advertisement of the sale did not contain an accurate description of the property.
The illegality of a portion of the taxes claimed is charged on the ground that the Police Jury failed twice to comply with the requirements of Section 2745 of the Bcvised Statutes, is not making out and publishing a budget, and that the parish tax of 1875 exceeded by dimills the limitation imposed by law.
The non-compliance by the purchaser with the terms of the law» in the payment of his bid, is said to consist in his retaining the balance of the price of adjudication, after paying the taxes claimed, with charges and costs.
The enjoyment of the property is valued at one hundred dollars petannum.
The defenses set up are :
That plaintiff has no interest, the property having been forfeited to' the State and the State having made the title; that a, tender made by plaintiff of the amount of taxes, unqualifiedly, as a condition precedent to this proceeding, admitted the legality of the taxes now assailed; that the assessment of the i>roperty was regular and valid; that all the required notices were given to the owner, through a curator ad hoc, duly appointed and who represented him; that the property wras correctly described, both on the assessment roll, in the notice of seizure, in the advertisement, in the procos-verbal of adjudication, and in the. confirmation by the auditor.; that eventually he, defendant, is entitled to a return of the price of adjudication for the taxes paid by him, and *125 to recover tlie value of the improvements put by him on the land since .the day of sale.
We think that the objection to the absence of interest in plaintiff has no foundation. It goes to the merits of the case and cannot be determined as an independent defense. It is enough that the suit was brought within the time limited by law.
Inquiring into the merits of the controversy, we find that the evidence show's that the plaintiff purchased, in 1855, a tract of land in the Parish of Terrebonne, which is described in his petition; that his title was shortly after recorded in the conveyance book in the office of the-Parish Recorder; that he left the Parish years ago, leaving no one to represent him. Taxes were claimed, as due the State and the Parish, on his property, for the years 1872, 1873, 1874 and 1875, to satisfy which his property was seized, advertised and adjudicated to defendant-for $100, in October, 1876, the adjudication being, after the expiration ■of the delay allowed for redemption, confirmed by the State Auditor.
The evidence show's that the property is worth $1,200, Itis admitted that it is described on the assessment rolls of 1872, 1873 and 1874, as containing 160 acres and as bounded above by Zénon Roussell estate, and below by A, Aycock; that on the roll of 1875, it is described as containing- 40 acres, hounded above by Zénon Roussell estate, and below by Mrs. A. Aycock; that it w'as hounded below' for the most part, by land held in indivisión by H. F. Davis and Mrs. A. Aycock, and for a small part by land of A. Bouxg; that prior to the levy of the taxes of 1872, 1873 and 1874, there was made no estimate by .the Police Jury; that for the years 1872, 3, 4 and 5, there was a separate roll of Parish taxes; that the property was not designated on the portion for the roll devoted to non-residents ; that the Parish tax for 1875, due in .1876, wTas in the aggregate' 1G-J- mills, and was not levied with the sanction of a majority of the voters of the Parish, no election having been held for the purpose.
The proceedings were carried on for the tax sale, for the payment of both the State and Parish taxes blended, contradictorily with a curator <id hoc, on whom process was served. The description of the property in the notice of seizure, the advertisement, the adjudication, and in the confirmation by the auditor, is the same.
The price of adjudication, less $19.69, was paid to the tax collector. The rent of the property is proved to he worth reasonably fifty dollars per year. There was introduced no evidence showing the value of the improvements said to have been placed by defendant on the land; blit it is admitted that he has paid the taxes for 1876, 7 and 8, as set out in his answer.
We do not think it necessary to consider each and every ground *126 relied upon by the plaintiff for the nullity of the sale, nor to pass upon the question of anus. We find among those grounds more than one to justify the demand. There is no dispute touching the facts, -which both litigants have either established or admitted.
It is elementary that in a tax sale every formality of law should he strictly complied with, under penalty of its nullity.
The inadequacy of prices in sales of this description, and the absence or incapacity of the owners, arising from infancy, coverture or other causes, have had their influence in the establishment of this rigid rule of law. 4 L. 148, 207 ; 18 L. 514; 14 A. 209; 33 A. 291. Burroughs on Tax, 295; Cooley on Tax, 323; Blackwell, 33, 43, 46, 50, 60, 66 ; 13 Cal. 609.
One of these formalities is, that the property he described on the assessment roll in such a manner that there can he no difficulty in identifying it, in order, not only that the owner may readily recognize it, hut also that in case of expropriation, the adjudicatee may easily he put into possession of it. It is also required that the description given of it in the proceedings to enforce the payment of the taxes which may he legally due by it, he that found in the assessment roll, which is the warrant to collect. A significant variance is fatal. Blackwell, pp. 123, 278 j Cooley, 336.
The description of the land in the notice must follow that in the roll, so that when the land is sold, it he sold as described in the roll and notice. Burroughs ou Tax, 302.
It is another formality that lands he classified as belonging to residents or non-residents. Act 1871, No. 42, Sec. 18. This provision has been recognized as mandatory. Cooley on Tax, 277.
Also, that parish taxes must he placed on separate rolls from State taxes, particularly where there exists two distinct rolls. Act 1871, No. 42, See. 43; Blackwell, 163; Cooley, 295.
It is likewise required that the taxes claimed must legally he due in their entirety, otherwise the sale is void. Blackwell, 160} Cooley, 295.
On this subject, Judge Burroughs, p. 301, says: That where land is sold for different taxes, part of which are legal and part illegal, the act of the officer is a trespass as to the illegal part. That act cannot he apportioned. The part which is innocent cannot he separated from the other. The power to sell in such cases rests upon the statute. If that is not followed, the acts purporting to he done under its authority are void. 51 Mo. 63 j 6 Kans. 540.
While the doctrine is, that the act of the officer cannot he partly innocent and partly a trespass, yet when a party claims relief and the illegal part can he separated from the legal, the court eau require, as a *127 condition, that the legal tax shall he i>aid. 37 Wis. 442, 288; 16 Mich. 176; 15 Mich. 257; 16 Ohio, 414.
In the three eases reported in 33 A. 4.90, 520, 558, we had occasion to consider the importance of a full compliance with all legal exigencies in tax sale matters.
In 26 A. 154; 28 A. 261; 30 A. 1244, the court considered the necessity of the making out and publishing a budget by the Police Jury. In 29 A. 1; 28 A. 538 ; 30 A. 1085 and 32 A. 411, the want of authority of Police Juries to assess taxes in excess of the limitation fixed by law, was determined.
Applying all the recognized principles in such eases to the facts presented by the Record, we have come to tlie conclusion that the tax sale assailed should be annulled for want of a proper description of the property, and because part of the. taxes claimed, the parish taxes for 1875, was not due.
The description of the land in plaintiff’s title is not that on the assessment roll. It does not appear, judging from the admission in the Record, that the property which fronts on Bayou Chacahoula, was thus mentioned on the roll.
The description in the expropriation proceedings anterior to the sale, in the collector’s proces-verbal and in the Auditor’s confirmation, does not appear to correspond with that in plaintiff’s title, and is not at all that found on the assessment roll.
There was no evidence offered to show that under any of the three different descriptions, the property could have been identified. That it is the same, is made apparent by the acts of the plaintiff, but this was necessary to enable Mm to recover, otherwise no recovery could ever be had.
Where parties become adjudieatees at tax sales, they must at their peril see that the property be that described in the roll, and must show afterwards, if necessary, the identity, in case of contestation.
The defendant had no cause to complain of the judgment of tlie lower court, which was absolutely in his favor. The demand which he lias formed for the reimbursement of the price paid at the tax sale, for the taxes subsequently alleged to have been paid and for the value of the improvements, which he says he has placed upon the land, was not therefore passed upon by the lower court. It has remained intact. It does not fall within our appellate jurisdiction.
We do not think that the defendant can be dealt with as a purchaser in mala fide, and bound for the value of the rent since the day of possession, for which he can be held liable only from the date of the institution of the sMt.
He has not thought proper to accept tlie tender made to Mm at the *128 time by the plaintiff/but is not on that account deprived of the right of claiming what may be due to him for disbursements made to pay the taxes, charges and costs, actually due at the time of sale and for improvements. His right to that end remains unimpaired.
Tt is therefore ordered, adjudged and decreed, that the judgment appealed from be reversed, and proceeding to render such judgmental should have. Leen pronounced:
It is ordered, adjudged and decreed, that there ho judgment in favor of plaintiff, declaring null and void the sale made on tlie 24th of October, 1876, by the tax collector, to the defendant, of the land therein described, and confirmed on the 26th of May, 1877, by the State Auditor, together with tlie Registries thereof on said 24th of October., 1876, and on the 6tli of June, 1877, the latter in book 0. C. of Conveyance, fol. 490, et seq, in the office of tlie Parish Recorder for the parish of Terrebonne, and that the plaintiff be recognized as tlie owner of the property in question, and put in possession thereof.
It is further ordered, adjudged and decreed, that the plaintiff recover of the defendant fifty dollars per annum from judicial demand until delivery of possession of the land in controversy.
It is further ordered and decreed, that the right of the defendant to claim of the plaintiff what sums may be due Mm for moneys disbursed, and for improvements, if any, on the land, be reserved to Mm.
It is further ordered and decreed, that tlie defendant pay the costs of the appeal.