Wilson, *Treas.*, v. Longendyke.

---

C. E. WILSON, *County Treasurer of Hodgeman County, et al.*, v. GROSS LONGENDYKE, *et al.*

EXCESSIVE TAXES; *Injunction, When.* Where personal property is subject to assessment and taxation, and the taxing officers have jurisdiction over it, but the assessment thereof is excessive, no injunction will lie until the amount of taxes, upon a reasonable and fair valuation of the property, is paid or tendered.

*Error from Hodgeman District Court.*

ACTION brought by *Gross Longendyke, W. A. Frush*, and *P. B. Lincoln*, against *C. E. Wilson*, treasurer of Hodgeman county, and School Districts Nos. 13 and 16, and Center township, in that county. The petition alleged:

"1. That plaintiffs were, on March 1, 1882, citizens and residents of Center township, Hodgeman county, Kansas, and the owners of certain personal property valued and returned by the assessor of said township as follows, to wit: Gross Longendyke, $3,686; W. A. Frush, $1,772; P. B.

Lincoln, $2,874. That a part of this property consisted of cattle, numbered and valued by assessors as follows: Gross Longendyke, 222, $3,465; W. A. Frush, 100 head, at $1,717; P. B. Lincoln, 76 head, $1,267.

"2. That the defendant is the regular elected, qualified and acting treasurer of said county.

"3. That the four assessors of said county met at the office of the county clerk of said county on the first Monday of March, 1882, as required by § 58, chap. 34, Laws of 1876, and in accordance with said § 58 did agree upon an equal basis of valuation of such property as they might be called upon to assess; that in accordance with the agreed basis of valuation, the assessors of the several townships of Marena, Sterling and Roscoe did assess and value the personal property of the said townships in said county, but that M. B. Barker, the trustee and assessor of the said Center township in said county, in violation of and contrary to the said agreed basis, did willfully, deliberately and illegally assess the cattle of these plaintiffs at more than double the value as fixed for such cattle by the agreed basis, and at more than double the value at which cattle of the same age, kind and class were assessed and valued, and at $10 per head above their cash value as agreed by the board of assessors and as returned by the other assessors of said county as above mentioned; that by the said illegal, unequal and unjust assessment and valuation, these plaintiffs are caused or made to pay more than double the amount of tax on the same kind, quality and value of property, as other citizens of the county; and that by said illegal, unjust and inequitable assessment and taxation these plaintiffs are greatly injured and damaged.

"Plaintiffs further state, that for the purpose of relieving themselves from this unjust taxation they did, on the first Monday of June, 1882, when the commissioners of said county of Hodgeman did meet as a board of equalization as provided by § 74, chap. 34, Laws of 1876, appear before said board, and did show to said board the inequality of their assessment and valuation, and did ask said board to reduce the same to an equality with the valuation and assessment of the other citizens of the county; that said board failed and refused to so reduce or equalize their said assessment or valuation; that plaintiffs have paid or will pay their state taxes levied on said illegal and unjust valuation; and for the causes above stated ask that a temporary writ of injunction may issue, restraining the said defendant and his successors in office from collecting

any of the county, township, poor and school and road tax as levied on the said personal property of these plaintiffs, or making any costs or expense thereon, and that upon the final hearing thereof said injunction may be made perpetual, and all of said county, township, poor, school and road tax may be decreed, and judgment of this court declared, illegal and void; and for such other and further relief as equity may give, and for costs."

Upon the petition the temporary injunction was granted. Thereafter, the defendants demurred to the petition, upon the following grounds:

"1. Because the said petition as amended does not state facts sufficient to constitute a cause of action against said defendants, or either of them.

"2. That there is a defect of parties plaintiff in this, that said plaintiffs have not legal capacity to sue.

"3. That there is a defect of parties defendant."

The demurrer came up for hearing on April 25, 1883, and the court, after argument of counsel, upon consideration thereof overruled the demurrer, to which the defendants excepted. The defendants electing to stand upon the demurrer, the court ordered the temporary injunction to be made perpetual. The defendants excepted, and bring the case here.

*Haun & Kenyon*, for plaintiffs in error.

*W. A. Frush*, and *M. W. Sutton*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: It is alleged in the petition filed in this case that the assessment made upon the personal property belonging to the defendants in error, plaintiffs below, was largely excessive, and therefore that the judgment of the district court must be sustained. It is conceded that the property is subject to assessment and taxation, and that the taxing officers had jurisdiction over it. The petition nowhere alleges payment or tender of the taxes due upon a just and fair valuation of the property, except the state taxes; and while the plaintiffs below admit they owe taxes, they deny they owe all that has been assessed. Under these circumstances, they are

not entitled to an injunction, and the judgment of the district court is erroneous. Before the plaintiffs below can be heard to make complaint in a court of equity of the alleged excessive taxes levied, they must pay or tender all the taxes due upon a reasonable and fair valuation of the property belonging to them. If, before commencing this action, they had paid all the taxes they were justly chargeable with, we might consider whether they were entitled to an injunction. As they did not, we need not enter into a discussion of that matter. (*City of Ottawa* v. *Barney,* 10 Kas. 270; *Gulf Rld. Co.* v. *Morris,* 7 id. 210, 231; *Comm'rs of Leavenworth Co.* v. *Lang,* 8 id. 284.)

The judgment of the district court will be reversed, and the cause remanded with direction to sustain the demurrer.

All the Justices concurring.