THE BANK OF GARNETT v. JOHN W. FERRIS, *as Sheriff of Anderson County, et al.*—THE BANK OF WESTPHALIA v. SAME.—THE PEOPLE'S BANK OF COLONY v. SAME.—THE BANK OF GREELEY v. SAME.

1. TAXES—*Enjoining Collection.* A party is not entitled to enjoin the collection of taxes on account of an intentional overvaluation of his property until he has paid or tendered so much of the taxes assessed against him as it can be readily seen he ought to pay.
2. COLLECTION, *When not Restrained.* The collection of taxes cannot be enjoined because of the failure of the treasurer to issue the tax warrant for the collection of such taxes at the particular time mentioned in the statute.

### *Error from Anderson District Court.*

SEPARATE actions by the Bank of Garnett, the Bank of Westphalia, the People's Bank of Colony, and the Bank of Greeley, against John W. Ferris, as sheriff of Anderson county, and others, for an injunction. From an order in each case denying the application for a temporary writ, plaintiff in each case brings error. The opinion herein, filed April 6, 1895, states the facts.

*Rose & Roberts,* and *Johnson & Johnson,* for plaintiffs in error.

*C. T. Richardson,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: Each of the above-named banks brought an action against the sheriff, treasurer and the board of county commissioners of Anderson county, to enjoin the collection of taxes alleged to have been illegally assessed against the bank and its stockholders, and to prevent the seizure of property under tax warrants which had been issued for the collection of

unpaid taxes assessed upon the stockholders for the years 1890, 1891, 1892, and 1893. The principal objection to the validity of the tax, as set forth in the petitions, was that in the month of March of each of those years the various trustees of the townships of Anderson county met in the office of the county clerk for the purpose of fixing a basis of valuation for the assessment of property in that county, and that an agreement was made among them that they would assess personal property at 50 per cent. of its actual value, but that they would only assess real estate at 25 per cent. of what they found its actual value to be. It is alleged that this was intentionally and deliberately done for the purpose of discriminating between the different classes of property and property-owners, and that in accordance with the agreement made, real estate was assessed for each of these years at only 25 per cent. of its value, while personal property, including the bank stock of the plaintiffs, was assessed at 50 per cent. of its actual value. There was also an allegation that the assessors had refused to permit the stockholders to deduct their indebtedness from the value of the stock which they held, but there having been a prior adverse decision by this court, that branch of the case has been abandoned. (*Dutton v. National Bank*, 53 Kas. 440.) Another ground of invalidity alleged was that the tax warrants were issued at a time not authorized by statute, and for that reason the levy of the same should be enjoined. The district judge denied the application for a temporary injunction in each of the cases, and of these orders plaintiffs complain.

Accepting the averments of the petition to be true, the action of the taxing officers was a plain disregard of duty and a flagrant violation of the statute. It was

an intentional discrimination by which an excessive valuation was placed upon one kind of property, and from the owners of the same there was unjustly exacted double the rate and amount of taxes required from the owners of the other kind of property. It is contended that a discriminating and illegal tax of this character cannot be enjoined, but in a case just decided it has been held that injunction is a proper remedy, and that a party who has tendered all of the state taxes, and his just share of the county and other local taxes, is entitled to have enjoined the collection of the illegal excess. (*C. B. & Q. Rld. Co. v. Comm'rs of Atchison Co.*, 54 Kas. 781.) The reasons for this ruling are so clearly and fully stated by the chief justice, that no further discussion is required. The application of the rule of that case, however, does not justify a reversal of these. It does not appear that any portion of the taxes due upon the property was paid or tendered before these proceedings were instituted. The property was subject to taxation, and should have been assessed at its actual value. The fact that there was an excessive valuation does not relieve the parties from paying the taxes due upon a reasonable and fair valuation. The plaintiffs allege that they have been ready and willing to pay any and all legal taxes that might be assessed against their property, and are still willing to pay a just proportion of the tax that has been assessed, but they do not aver that they have paid or offered to pay, to the officer authorized to collect, any portion of the tax chargeable against them. No part of the state taxes has been paid, and there is no charge that the state officers have been guilty of irregularity or wrong-doing with respect to these taxes. Parties must have done equity before they can appeal to equity for relief, and before they

"can be heard to make complaint in a court of equity of the alleged excessive taxes levied they must pay or tender all the taxes due upon a reasonable and fair valuation of the property belonging to them." ( *Wilson v. Longendyke*, 32 Kas. 267. See, also, *Railroad Co. v. Morris*, 7 Kas. 210 ; *Comm'rs of Leavenworth Co. v. Lang*, 8 id. 284 ; *City of Lawrence v. Killam*, 11 id. 509 ; *C. B. & Q. Rld. Co. v. Comm'rs of Atchison Co.*, supra ; *Cummings v. Bank*, 101 U. S. 153 ; *Stanley v. Supervisors of Albany*, 121 id. 535 ; *Railroad Co. v. Clark*, 153 id. 252.) If the parties had paid that portion of the tax about which there was no question and such part of the remainder as could be readily ascertained to be a just tax upon a fair valuation, they would have been entitled to an injunction to prevent the collection of the illegal excess. It is suggested that since the suit was begun one-half of the taxes have been paid as a condition upon which a stay was obtained in this court, but that circumstance cannot affect our decision. We must take the cases as they stood when the injunction was denied by the district judge, as in the exercise of appellate jurisdiction we can only review the rulings that were then made.

The objection that the tax warrants were not issued at a proper time cannot be sustained. The collection of taxes cannot be enjoined on account of any mere irregularity in the proceedings nor because of the failure of an officer to perform the duties assigned to him upon the day specified in the statute. (Gen. Stat. of 1889, ¶ 6993 ; *Railroad Co. v. Morris*, 7 Kas. 210 ; *Challiss v. Comm'rs of Atchison Co.*, 15 id. 49 ; *Challiss v. Rigg*, 49 id. 119 ; *Dutton v. National Bank*, 53 id. 440.) The tax warrants are regular in form, and presumably the officer who held them will perform his duty, and only levy them upon such property

as is subject to seizure for the payment of the taxes mentioned in the writs.

The orders of the district judge in denying the injunctions will be affirmed.

All the Justices concurring.