[No. 5050.]
[No. 2615 C. A.]

THE FIRST NATIONAL BANK OF DENVER v. THE BOARD
OF COUNTY COMMISSIONERS OF MONTROSE COUNTY.

1. Taxation—Uniformity—Discrimination.

Section 3, art. 10, constitution of Colorado, requires taxes to be uniform on the same class of subjects within the territorial limits of the authority levying the tax, and that they shall be levied and collected under general laws which shall prescribe such regulations as shall secure a just valuation of all property, real and personal, and while it is true that §3769, Mills' Ann. Stats., provides that all property subject to taxation shall be assessed at its full cash value, yet if the assessor or other taxing officer, systematically or intentionally violates this rule and uniformly assesses the property in his county at less than its cash value, he may not discriminate against other taxpayers or species of property by adopting a higher valuation, though in doing so he complies with the rule prescribed in the statutes.—P. 268.

2. Same—Equalization—Relief from Illegal Assessment.

Section 3839 et seq., Mills' Ann. Stats., provide a procedure for obtaining relief where the taxing power adopts a general rule or ratio of assessment in disregard of the mandate of §3769 and departs from such ratio in a particular case to the injury of a taxpayer; and if in this case there was a lack of uniformity and equality in the taxation of property "within the territorial limits of the authority levying the tax," the petitioner has a right to show such fact, and if shown, has the right to have the relief contemplated in the statute.—P. 270.

*Error to the District Court of Montrose County.*
*Hon. Theron Stevens, Judge.*

An action by the First National Bank of Denver against the Board of County Commissioners of Montrose county. From a judgment dismissing an appeal from an order of the board of county commissioners denying relief, petitioner brings error. *Reversed.*

Mr. F. D. CATLIN and Mr. CHARLES J. HUGHES, JR., for plaintiff in error.

Mr. JOHN GRAY, for defendant in error.

This is a proceeding instituted under the act of
1889, section 3839 *et seq.*, Mills' Ann. Stats., to cor-
rect an erroneous and unjust assessment upon certain
described real property situate in the town of Mont-
rose in Montrose county, Colorado, for the years 1897
and 1898. The petition alleges, *inter alia,* that the
tax demanded is unjust, excessive, and erroneous, be-
cause the same is based on an excessive valuation,
not uniform with that of other property in the county,
and sets forth in detail, as the statute requires, the
sum at which each parcel of property is assessed, its
true cash value, and what was a fair assessment there-
of compared with other like property. From the
order of the board of county commissioners denying
the petition, an appeal was taken to the district court.

On the trial in the district court the petitioner
offered to prove that the property, real and personal,
including ditch and railroad property within the
county outside of the town of Montrose, was generally
valued for assessment at less than from 15 to 33 1-3
per cent. of its real cash value. In sustaining the
objections to the introduction of this evidence, the
court said:

"The objections to the introduction of the evi-
dence offered are sustained, for the reason that it is
conceded by the petitioners that the valuation fixed
by the assessor on the property is not in excess of its
full cash value, and is not higher materially than the
basis fixed for the valuation of like property in the
town of Montrose similarly situated.

"The petitioner asks that the valuation fixed by
the assessor be reduced, and in the opinion of the
court neither this court nor any other court has the
power to say that an officer may disregard the plain
provisions of the law relative to his duty, much less
to issue a mandate requiring such officer to disobey

the law, and for that reason the appeal will be dismissed.''

To the judgment of dismissal this writ of error is prosecuted.

Mr. Justice Goddard delivered the opinion of the court:

The question presented for consideration is whether an unjust and unequal valuation of property for taxation can be rectified in the manner provided by the statute above referred to, when it appears that such valuation is disproportionate and excessive. as compared with the valuation of other property in the county, notwithstanding such relief necessitates the reduction of the valuation below the true cash value of the property so assessed. That such a result is intended by the plain language of the statute, we think admits of no doubt. It provides that the petitioner shall describe the property claimed to be unjustly and erroneously assessed, the sum at which it is assessed, its true cash value, and state what is a fair assessment compared with other like property. It further provides that the board of county commissioners shall hear all testimony that may be produced, and grant or refuse the prayer of the petition, in whole or in part, as may seem just and proper, and provides for an appeal from the decision of the board to the district court of the county where said property is assessed. Section 3 provides that: "The board or district court, in the consideration of such petition, shall be governed by the values fixed upon other assessable property, similarly situated, in such county for the purposes of taxation.''

It is, therefore, the manifest purpose of the statute to insure a compliance with the fundamental rule of uniformity that secures a just valuation for taxa-

tion of all the property, real and personal, and to prevent the willful violation by the taxing officers of the mandate of section 3, article 10, of the constitution, which enacts that: "All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws, which shall prescribe such regulations as shall secure a just valuation for taxation of all property, real and personal."

While it is true that section 3769 Mills' Ann. Stats., provides that all property subject to taxation shall be assessed at its full cash value, yet if the assessor, or other taxing officer, systematically, or intentionally, violates this rule and uniformly assesses the property in his county at less than its cash value, he may not discriminate against other taxpayers or species of property by adopting a higher valuation, though in doing so he complies with the rule prescribed in the statute. It is well settled that such discrimination will not be permitted, although to rectify the wrong necessitates a reduction of the assessment below that prescribed by the statute. In other words, the rule of uniformity, as prescribed in the constitution, will be enforced, although it involves in some particular instance a departure from the letter of the statute.—*Taylor v. Louisville, etc., R. R. Co.,* 88 Fed. Rep. 364; *Chicago, etc., Co. v. Boone County,* 44 Ills. 242; *Bureau County v. Chicago, etc., Co.,* 44 Ills. 229; *Randall v. Bridgeport,* 63 Conn. 321; *Chicago, etc., Co. v. Board,* 54 Kan. 781; *Cochico Co. v. Strafford,* 51 N. H. 455; *Ex Parte Fort Smith & Van Buren Bridge Co.,* 62 Ark. 461; *People ex rel. v. Carter,* 109 N. Y. 576; *People ex rel. v. Ganley et al.,* 8 N. Y. Sup. 563; *Manchester Mills v. City of Manchester,* 57 N. H. 309.

As was said in *Chicago Co. v. Boone Co., supra:*

"It cannot be that one portion of the taxpayers in a county, owning taxable property, shall be required to pay more taxes in proportion to its value, no matter how they may be ascertained, than another portion in the same county. If the assessors, regardless of the strict injunction of the law, shall place a value upon property far below its real cash value, and such a practice goes on unchallenged, and is recognized by the authorities who have special charge of the revenue of the state, that misconduct must also contain within itself the great and cardinal principle of uniformity."

In *Randall v. Bridgeport, supra,* an appeal was taken from the action of a board of equalization. The court found as a fact that it had been the uniform rule of the board of assessors and the board of relief to value all property for the purpose of taxation at one-half of its fair market value, and found that the plaintiff's property was assessed at its full market value, as the statute required. The supreme court held that the complainant was entitled to have his assessment reduced to conform to the valuation of other property, notwithstanding the statute provided that all property should be assessed at its true value. Speaking to this point the court said:

"Practically the only way to redress the wrong is to reduce the assessment, and that makes the court seem to disregard the statute, while if the wrong is not redressed, there is a denial of justice, and the court practically ignores the statute giving an aggrieved party an appeal, and practically ignores the statute which provides that 'said court shall have power to grant such relief as shall to justice and equity appertain.' Thus we are in a dilemma. If we choose one horn of it, a public statute is violated, not so much by the court as by the town, but by an

apparent approval of the court as to one individual, and that by express command of another statute and by the dictates of justice. If we take the other horn, the court itself violates a remedial statute, and becomes in a measure a party to the wrong-doing. Under the circumstances, we do not hesitate to choose the former and redress the wrong."

We think it was the plain intent and purport of the statute of 1887 to provide a procedure by which the same relief might be afforded where the taxing power adopts a general rule or ratio of assessment in disregard of the mandate of section 3769 and departs from such ratio in a particular case to the injury of a taxpayer. If, therefore, the conditions existed as alleged in the petition in Montrose county, and there was a lack of uniformity and equality in the taxation of property "within the territorial limits of the authority levying the tax," the petitioner had a right to show such fact, and, if shown, the right to have the relief contemplated in the statute, and the trial court erred in sustaining the objections to the evidence offered.

The judgment is therefore reversed, and the cause remanded. *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.