ADOLPHUS  H.  BODE,  Trustee,  Plaintiff and Respondent, *v.* THE NEW ENGLAND INVESTMENT COMPANY and OLE SERUM-GARD, County Treasurer of Ramsey  County, D. T. Defendants and Appellants.

**1.   Order Overruling Demurrer with Leave to Amend is not Final Judgment.**

In a former action a demurrer was interposed to the answer, and upon argument thereon the district court made the following order: "It is ordered that said demurrer be, and the same is hereby, overruled.  It is further ordered that said demurrer be, and the same is hereby, sustained to the plaintiff's complaint, and that said action be, and the same is hereby, dismissed, with costs to be taxed, unless the plaintiff amends his complaint within twenty days from the date hereof." *Held*, that such order was not a final judgment *in præsenti*, but, on the contrary, was an order that judgment might be entered *in futuro* upon a specified contingency.  *Held, further*, that such an order could not be converted into a final judgment by the mere voluntary act of the clerk of the district court, who copied it into the judgment docket without being directed so to do by the court and without any proof being made that the specified contingency upon which judgment could be entered had occurred.

**2.   Former Action Pleaded in Bar; Defendants in the Actions Different and not in Privity.**

In the former action, which is pleaded in bar to this action, the plaintiff sued the county of Ramsey and the city of Devil's Lake in equity, and asked that the county be enjoined from selling plaintiff's lands for the tax of 1885 thereon, and that such tax be annulled and canceled of record.  *Held*, that, if final judgment had been regularly entered in such former action for the relief demanded therein, such judgment would not have been effectual to prevent the sale of the lands for taxes, for the reason that the duty of selling lands for delinquent taxes, under the law, devolves upon the county treasurer alone, and the county, as such, has no power to make such sale.  *Held, further*, that such judgment would have been ineffectual to compel the cancellation

of the tax proceedings of 1885, for the reason that the records containing such proceedings were not within the possession of either of the defendants in the former action, but were in the official custody of certain county and city officers, who were not before the court in the former action. *Held, further*, that no final judgment which could be entered in the former action would operate as a bar to this action, for the reason that the parties defendant were wholly different in the two actions, and were not in privity with each other.

**3.  Decision in Farrington Case Followed.**

The decision of the case of Farrington v. These Defendants, *ante*, p. 102, (decided by this court,) will govern in this case; and, following the rule established in the Farrington case, the judgment of the district court is reversed.

(Opinion Filed April 1, 1890.)

*A*PPEAL from district court, Ramsey county; Hon. WM. B. McCONNELL, Judge.

This case was argued before the supreme court of Dakota Territory, and an opinion was handed down. (See 42 N. W. 658.) Afterwards a rehearing was ordered and the case was, on the admission of the state of North Dakota, transferred to this court.

J. F. McGee, for the appellants, argued: That the writing quoted in the following opinion was a judgment; citing, Freeman on Judgments §§ 15 and 16; Rogers v. Gosnell, 51 Mo. 468; Hunniston v. Stainthorp, 2 Wall. 106.

Counsel for appellant did not discuss in his brief the effect of the difference in parties defendant in the two cases.

W. E. Dodge, for the respondent, argued: That the writing quoted in the opinion was not a final judgment; citing, Freeman on Judgments, § 34. He did not discuss the effect of the difference in parties defendant in the two cases.

WALLIN, J. This is an action for equitable relief, in which the plaintiff asks to have certain taxes levied upon plaintiff's land by the county of Ramsey and city of Devil's Lake, in 1885, set aside as void, and the record thereof canceled and annulled, and also that the tax certificates describing said lands, issued by the county treasurer, at the tax-sale of 1886, to the

defendant the New England Investment Company, be canceled and set aside as void. The grounds of relief as set forth in the complaint are, in substance, as follows: *First,* that the plaintiff's lands are exempt from all direct taxation under the provisions of chapter 99, Laws 1883, commonly known as the "Gross Earnings Law;" *second,* that, if said lands were taxable as other lands are taxed, the proceedings of the taxing officers in attempting to assess and levy the tax of 1885 were illegal and void, and consequently that the county treasurer was without jurisdiction to sell the lands at said tax-sale. The defendants answered, denying that there were any errors or irregularities in said proceedings which would render them void. As a separate defense to this action the defendants pleaded a former recovery, in the language following: "That on the 31st day of August, 1886, the above-named plaintiff brought an action in the above-entitled court against the county of Ramsey and the city of Devil's Lake, in the territory of Dakota, on the same cause of action set forth in the complaint herein; and in said action such proceedings were had that on the 4th day of September, 1886, said county of Ramsey and city of Devil's Lake recovered judgment against the above-named plaintiff on said cause of action, and upon the merits thereof, dismissing said action, and awarding said county of Ramsey and city of Devil's Lake their costs and disbursements in said action, which said judgment is in full force and effect and unappealed from and which judgment was duly filed and entered in the office of the clerk of the above-entitled court on the 27th day of October, 1886."

The testimony admitted upon the trial of this action shows that the plaintiff, prior to the commencement of this action, instituted the action pleaded in bar for the purpose of setting aside and canceling the said tax levies of 1885, and to enjoin the county of Ramsey from selling plaintiff's said lands at the tax-sale of 1886. In the former action plaintiff alleged as a sole ground for relief that the lands in question were exempt from taxation for the same reasons which are set out in the complaint in this action. In the former action the defendants answered to the complaint, and plaintiff demurred to the answer for insufficiency. Argument upon the issues presented by the de-

murrer was had; and the trial court determined said issues, and
made its order thereon as follows: "It is ordered that said de-
murrer be, and the same is hereby overruled. It is further
ordered that the said demurrer be, and the same is hereby sus-
tained to the plaintiff's complaint in said action, and that
said action be, and the same is hereby dismissed, with
costs to be taxed, unless the plaintiff amends his complaint
within twenty days from the date hereof." It was admitted
upon the trial of this case that the complaint in the for-
mer action was not amended. It was claimed in the court
below that the order upon the demurrer aforesaid was a final
judgment upon the merits, and constituted a bar to the present
action. The court below held that it was not a final judgment,
and the ruling is assigned as error in this court. We hold that
said order was not a final judgment, and was not intended to be
final by the district court, and further, that if it had been a final
judgment, the same would not be a bar to the present action.
Our reasons are as follows:

The trial court, among other findings of fact, found that "the
order pleaded in defendants' answer was never succeeded by a
final judgment in said action based thereon." So far as it is a mat-
ter of fact, the evidence justifies this finding of the district court.
It appears that the order (so-called "judgment") was filed with
the court more than 20 days subsequent to its date, and on Oc-
tober 27, 1886. The clerk of the district court testified with
respect to the order as follows: "It is the original of the page
I have read from the judgment docket." It nowhere appears
from the testimony, and was not claimed upon the argument in
this court that the clerk of the district court ever at any time
was directed by the district court, or by the attorneys in the
former action, to transcribe the order in question into the judg-
ment docket or other record book in his office. So far as ap-
pears from the testimony, the act of copying the order into the
judgment docket was purely a voluntary act on the part of the
clerk of the district court, and was therefore unauthorized, un-
less it was the duty of the clerk, under the law, to record such
an order at length in the docket. We think it was not his duty
to do so. It does not appear that the order was ever entered in

the judgment book, which is the record in which judgments are required by statute to be entered.    Comp. Laws, §§ 5101, 5102. The statute requires that the docket entry of judgment shall refer to the "page in the judgment book where the same is entered."    Section 5105, id.    No such reference is found in the docket entry of the order in question, and hence we conclude that the instrument was never copied into the judgment book.

The date of transcribing the order into the docket does not affirmatively appear from the testimony, but a very strong presumption arises that it was not done until the matter of the taxation of the costs referred to in the order was first disposed of.    The order contemplates that at a time subsequent to its date the costs of the action were to be taxed and inserted in a judgment which is directed to be entered in the future on a certain contingency.    The process of taxing costs includes notice to the defeated party, and hence clerks of courts do not, ordinarily, enter a judgment until the costs are taxed.    There is no ground in the record for supposing that the clerk departed from the ordinary practice in this case.    The record shows that costs were not taxed; but it appears that the defendants, without notice to plaintiff's counsel, filed an instrument waiving costs with the clerk of the district court on the 8th day of June, 1888, which date is long subsequent to that of commencing the present action.    In the absence of countervailing evidence, the presumption from the record is that the clerk followed the usual practice in the district court, and entered the order, as a judgment, promptly upon the filing of the waiver of costs in his office, and did not do so before that event.    This being the case, there certainly was no judgment entered in the former action prior to the commencement of this action.    It may be argued that the entry of a judgment is not essential to its validity.    The statute requires that such entry shall be made; but whether an ordinary judgment must be entered before it takes effect as such is foreign to the question before us, for the reason that the order under consideration is not, and does not purport to be, a final judgment.    In form, it is primarily an order made upon an issue of law raised by a demurrer.    After disposing of the question raised by the demurrer, the court directs the en-

try of a judgment of dismissal, with costs "to be taxed," but in the same sentence makes the entry of such judgment conditional, as follows· "Unless the plaintiff amends his complaint within twenty days from the date hereof." It is obvious that such language does not import a judgment *in præsenti;* nor does the language go further than to direct the entry of judgment *in futuro* upon the happening of a specific contingency. Would any lawyer contend that a mere ministerial officer of the court could convert such an order into a final judgment by the mechanical operation of transcribing it into a record? The most favorable construction of the order which its language permits is one which would allow the instrument to be converted into a final judgment after the lapse of twenty days from its date, and upon due proof to the court that the complaint had not in the interval been amended. The pleadings and records in the former action were put in evidence without objection, and no such proof appears; and no claim is made in this court that any such proof was presented to the trial court, or to the clerk thereof, at any time. How does it come about that a mere conditional order for the entry of a final judgment has itself become a final judgment? "A judgment is the final determination of the rights of the parties in the action." Comp. Laws, § 5024. It must be signed by the judge or the court. § 5095, id. We conclude from these premises that the order in question was not a final judgment, in either form or substance; and, consequently, if it had been properly entered as a judgment prior to the commencement of this action—and it appears that it was not— that it would not operate as a bar to this action.

But the order is not a bar for still another reason. It is this: The defendants in the two actions are wholly different, and they are not in privity with each other. In the first action Ramsey county and the city of Devil's Lake, as corporations, were the only defendants. In this the county treasurer and the purchaser of the lands at the tax-sale of 1886 are the only defendants. The relief sought in the two actions is not the same. The purpose of the first action was to cancel and set aside the tax proceedings of 1885, and to enjoin the county of Ramsey from selling the lands at tax-sale. In the present action the plaintiff is seeking

to cancel the tax certificates delivered to the New England Investment Company at the tax-sale of 1886, and also vacate of record the tax proceedings on which the sale was made. It seems clear that, inasmuch as the county treasurer was not a party to the former action, that, if that action had culminated in a judgment for the plaintiff adjudging that the tax of 1885 on plaintiff's lands be canceled and set aside, and further directing that Ramsey county be enjoined from selling the plaintiff's lands for such taxes, such judgment would have been inoperative, and wholly ineffectual to accomplish either or any purpose sought to be accomplished by such judgment. Under the revenue laws of the territory, county treasurers, after receiving the tax duplicate, and while collecting the tax by distraint of personal property or sale of real estate, act under statutes which regulate and prescribe their duties, and which are mandatory upon them as tax collectors. While in the discharge of their duties as tax collectors, county treasurers act independently, and are beyond any interference or supervisory control by the county commissioners. The treasurer and his official sureties are responsible for the collection of the tax which appears upon the duly-authenticated tax duplicate, and if such tax is not voluntarily paid the payment must be enforced in the manner directed by the statute. It follows from these provisions of the revenue laws that the county of Ramsey would have been powerless, even if directed so to do by the judgment of the district court, to have prevented its treasurer from selling the plaintiff's lands for the taxes in question. The terms of the statute requiring the treasurer to sell lands for delinquent taxes are imperative, and no legal power exists, except in a competent court, to interfere with or prevent the sale. Nor could a court enjoin such sale without first obtaining jurisdiction of the person of the officer who is required to make the sale, viz., the county treasurer. It is equally clear that, had a decree been made in the former action directing the cancellation and annulment of the tax proceedings and levies of 1885, the same would have been idle and inoperative. The records of the tax assessments and levies in question were contained in record books in the official custody of certain city and county officials, who were strangers to the

former action. Such officials were bound by strict legal enact-
ments to safely keep such records; and, in the performance of
such duty, they might lawfully resist any attempt which might
be made by the defendants in the former action to cancel, an-
nul, or in any manner efface the evidence of the tax levies and
assessments in question. It was quite unnecessary to enjoin the
defendants in the former action from selling plaintiff's lands
for the taxes in question, as they did not, nor did either of them,
have the power to do so. Our conclusion upon this feature of
the case is that necessary parties defendant were omitted in the
former action, and that the defendants in the present action are
not in privity with the defendants in the former action. In this
conclusion we do not decide that the county and city would not
have been proper parties in the former action. On the contrary,
we think that the two corporations as such, would have been
proper parties thereto if they had been joined as co-defendants
with the necessary parties who were omitted.

We deem it not improper to add here, as a matter of history,
that this case was originally appealed to the supreme court of the
territory of Dakota, and was decided by that court. Bode v.
New England Investment Co., 42 N. W. Rep. 658. Subsequent
to its decision, upon application of defendants' counsel, a re-
hearing was granted, but such rehearing was never had
in the territorial court, and the case came to us as a part
of our inheritance from the territory and was reheard here.
The territorial court did not discuss the question as to
whether or not there was a final judgment, in fact or in
law, in the former action, but expressly avoided doing so, and
assumed, for the purposes of the decision, that the alleged
judgment was a judgment, and was final, and then proceeded to
hold that the same was not a bar to this action, because it was
not an adjudication which involved the merits of this action.
We reach the same result, practically, but prefer to rest our de-
cision upon the preliminary questions presented by the record.

The questions involved in this action, upon the merits, are
identical with those presented in the case of Farrington,
Trustee, v. the Defendants in this action, *ante*, 102, (decided at
the present term.) The disposition of this case will be governed

by and follow the decision in the Farrington Case; and under the ruling in that case, the judgment of the court below, rendered in this action, must be, and is hereby, reversed, and the district court is directed to enter such judgment of reversal; and said court is further directed to enter a judgment against the plaintiff as trustee, and in favor of the New England Investment Company, for the amount due on the county tax of 1885, said amount to be ascertained by reference, or in such manner as to said court may seem proper. And, in computing said amount, the said county tax, by which we include the entire tax levied by the county commissioners against the plaintiff's land, should be regarded as delinquent and unpaid from and after the first Monday in February, 1886, and the interest and penalty thereon should be computed thereon from that time to the date of such judgment, as provided by statute in the cases of delinquent taxes. And said court is further directed to enter a judgment herein cancelling the tax certificates in question, and forever enjoining the county treasurer of Ramsey county, and his successors in office, from executing any tax deed or deeds, based upon said tax certificates or said tax-sale, for the lands in question, or any part thereof. The action to be without cost to either party in either court.

CORLISS, C. J., concurs in the disposition of the case upon the ground that there is no privity between parties defendant in the two actions.

REPORTER: The proposition that the lands in question were exempted from direct taxation by the gross-earnings law was not insisted upon by plaintiff in this court.