DAVID TISDALE v. HENRY H. APLIN, AUDITOR GENERAL, ET AL.

*Taxes—Enjoining sale—Decree—Payment.*

When a land-owner comes into a court of equity to enjoin the sale of his lands for alleged illegal taxes, he must be prepared to pay such portion of such taxes as shall be found to be legal, and, independently of any cross-bill, the court has power to decree such payment, and to enforce the decree by execution, which action works no hardship to the complainant, as no new liability is created against him. A personal decree in such a case has been upheld in *Sage v. Auditor General*, 72 Mich. 638; *Gamble v. Auditor General*, 78 Id. 302.

Appeal from Ogemaw. (Simpson, J.) Argued February 26, 1891. Decided April 17, 1891.

Bill to restrain the sale of certain lands for taxes

assessed for the year 1885. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*Henry, Cornville & Hawley,* for complainant.

*Markey & Hall,* for defendants.

MORSE, J. The complainant, who resides in Simcoe, province of Ontario, filed the bill of complaint in this cause to enjoin the sale of certain lands, owned by him, in the county of Ogemaw, for taxes assessed for the year 1885, basing his principal claim for relief upon the fact that the said lands were listed, valued, and assessed under the tax law of 1882, and that the levy and assessment of the taxes upon these lands for the year 1885 was void because the law of 1882 was unconstitutional.

Before the hearing of the cause in the court below it had been held in this Court in the cases of *Davenport v. Auditor General,* 70 Mich. 192, and *Fletcher v. Auditor General,* Id. 197, that the taxes assessed in 1885 under the law of 1882 were valid, and that the taxes could be collected by a sale of the lands under the tax law of 1885. Thereupon the complainant desired to take a dismissal of his bill, but this the court refused to do, and, under the answer of the defendants, which was in the nature of a cross-bill, found the amount of taxes legally assessed against the said lands to be $881.27 and the lawful interest upon the same to be $352.33, and charges of collection $35.21, and the additional sum of 60 cents on each of the descriptions of the complainant's lands in the townships of Foster and Klacking, and decreed the same to be a lien upon the lands against which the taxes were assessed until the same were fully paid, and ordered that defendants have execution for the same, with costs to the county of Ogemaw and the townships of Foster and Klacking; and that, if such execution could not be collected

within 60 days from the issue thereof, the defendants might advertise and sell the lands as provided for the sale of lands under decrees of the circuit court in chancery.

The complainant appeals from and against so much of the decree as provides for a personal judgment against the complainant, and denies the authority of the circuit court in chancery to make a personal decree against the owner of the land in such a case as this. It is contended that no suit could have been brought, either at law or in equity, to collect these taxes personally from the complainant, and that the only way known to the law to enforce the payment of the same was to return the lands, and proceed under the tax laws to sell the same. A large number of authorities are cited to sustain this contention.

In answer to this, it may be said that the lands had been returned, and the proper officers were proceeding in the manner pointed out by law, by advertisement and sale of the premises, to make the amount of the taxes, when the complainant filed his bill to enjoin such proceedings, under the mistaken idea that the lands were illegally assessed, and could not be sold for the taxes levied in the year 1885. Upon the hearing it was conceded that the taxes decreed in the court below against the lands, except those in the townships of Damon and Rose, were properly assessed and valid, and that the proceedings being taken to sell the same, at the time a temporary injunction put a stop to them, were proper and legal. The testimony in the case showed that the taxes levied upon the lands of complainant in the townships of Damon and Rose were illegal, and the complainant was granted relief as far as such lands were concerned, but the taxes upon the lands in the townships of Foster and Klacking were found to be valid, and the decree deals only with such taxes. When the complainant came into court seeking to restrain a sale of his lands upon a

claim that the taxes were illegal he subjected himself to the jurisdiction of the court. If he had conceded that a part of the taxes were valid, it would have been his duty to pay into court or offer to pay such taxes, and it is always his duty in such a case to point out in his bill, as near as practicable, what amount is just and what excessive, and to pay to the proper officer the amount of the taxes legally chargeable against him. *Palmer v. Napoleon,* 16 Mich. 176; *Merrill v. Auditor General,* 24 Id. 175; *Conway v. Waverly,* 15 Id. 257; *Pillsbury v. Auditor General,* 26 Id. 248.

The complainant, being the owner of the lands when they were assessed, was personally liable for the taxes levied upon them; and the amount of the same could have been collected out of any personal property belonging to him, and found within the bailiwick of the tax collector; and it is not by any means certain that, if collection should fail through the means pointed out by the statute, the township might not recover the amount of tax in an action at law, as such tax becomes, as soon as it is assessed, a debt from the owner of the land to the township within which the land is located. Tax Law of 1885, § 26; 3 How. Stat. § 1169 n 5, p. 2911. But, be that as it may, when a person comes into a court of equity to enjoin the sale of his lands for taxes that he claims to be illegal, he must be prepared to pay such portion of such taxes as shall be found to be legal, and, independently of any cross-bill, the court has power to decree that he shall pay such taxes, and to enforce such decree by execution, and no hardship is done him by such decree, as no new liability is thereby created against him. A personal decree in such cases has been upheld by this Court in *Sage v. Auditor General,* 72 Mich. 638, and *Gamble v. Auditor General,* 78 Id. 302; and it seems that

the authority to render such a decree has never before been questioned.

The case of *Auditor General v. Stiles*, 83 Mich. 460, cited in the supplemental brief of complainant's counsel, was in reference to proceedings under the tax law of 1889, and to a sale of lands for delinquent taxes under a decree of the circuit court in chancery, and the opinion filed therein has no application to the tax law of 1885, or the case now before us for consideration.

The decree of the circuit court in chancery for the county of Ogemaw is affirmed, with costs.

The other Justices concurred.