(101 N. W. 894.)

---

FLORA R. DOUGLAS v. THE CITY OF FARGO, HERBERT J. GIBSON, AS CITY AUDITOR OF THE CITY OF FARGO, THE BOARD OF EDUCATION OF THE CITY OF FARGO, ARTHUR G. LEWIS, AS COUNTY AUDITOR OF THE SAID COUNTY OF CASS, MELVIN S. MAYO, AS COUNTY TREASURER OF THE SAID COUNTY OF CASS.

Opinion filed November 26, 1904.

**In an Equitable Action to Set Aside Tax Sale and Cancel Assessment, Absence of Assessor's Affidavit from Assessment Roll Does Not Invalidate Sale or Levy.**

1. In an equitable action brought to set aside a tax sale made in 1897 for the delinquent taxes of 1896, and to cancel the assessment

of taxes and levies of taxes for subsequent years up to and including 1902, the absence of an assessor's affidavit from the assessment does not invalidate the sale or levies in such equitable action. Farrington v. New England Investment Co., 45 N. W. 191, 1 N. D. 102, followed.

**Such Omission Fatal in an Action at Law — In Equity, Without an Allegation That the Assessment Was Unfair, Unjust or Fraudulent It Will Not Invalidate.**

2. The omission to attach the assessor's affidavit to an assessment roll is an illegal act, and renders such assessment void in an action at law; but such admission will not invalidate an assessment where there is no allegation that the assessment was unjust, unfair or fraudulent, in an equitable action to cancel sales or certificates or taxes made, issued or levied under such assessment.

**Equitable Action to Set Aside Taxes — Invalid Assessment — Necessity of Tender.**

3. Courts of equity should, in general, interfere to restrain the collection of a tax or annul tax proceedings only where it appears either that the property sought to be taxed is not subject to taxation, or the tax itself is not wholly authorized by law, or the taxes are assessed or levied by unauthorized persons, or the taxing officers have acted fraudulently, or the taxes have been unjustly levied, or the assessment made unjustly or without uniformity; and the plaintiff must, in addition, bring himself within some recognized head of equity jurisprudence, and must also tender or pay the taxes justly chargeable upon his property, before an injunction should issue to restrain the collection of the taxes, unless statutory provisions make such tender unnecessary. Farrington v. New England Investment Co., supra, followed.

**Sections 1640, 1643, Comp. Laws of 1887, Repealed.**

4. Sections 1640, 1643, Comp. Laws 1887, authorizing the court to render judgment for the taxes due, in lieu of tender, were repealed in 1897 (Laws 1897, p. 297, c. 126, section 110), and no substitute therefor has since been enacted.

**In an Equitable Action to Cancel and Set Aside Tax Sale and Levy, Complaint Must Show Tender.**

5. In such an action the complaint should show payment or tender of the taxes justly due, or it will be held not to state a cause of action.

**Where a Part of Tax Is Legal and Part Illegal, the Legal Portion Must Be Tendered as Condition to Equitable Relief.**

6. If the complaint or evidence shows that a portion of the taxes are legal and the amount ascertainable, and a part illegal, a court

of equity will not restrain the collection of the illegal portion, except on condition that the legal portion has been paid or tendered.

Appeal from District Court, Cass county; *Pollock, J.*

Action by Flora R. Douglas against the City of Fargo and others. Judgment for defendants, and plaintiff appeals.

Affirmed.

*Morrill & Engerud, W. B. Douglas, Newman, Spalding & Stambaugh,* and *A. B. Lee,* for appellant.

Until the assessment has the sanction of the assessor's oath it has no validity, and cannot form the basis of taxation, or said to be finally completed. People v. Suffern, 68 N. Y. 321; Brevoort v. City of Brooklyn, 89 N. Y. 133; Van Rensselaer v. Witbeck, 7 N. Y. 517; Westfall v. Preston, 49 N. Y. 349; Bradley v. Ward, 58 N. Y. 401; Bellinger v. Gray, 51 N. Y. 610; Eaton v. Bennett, 10 N. D. 346, 87 N. W. 188; Marsh v. Supervisors of Clark Co., 42 Wis. 502.

Such complete assessment roll is the only evidence of the assessor's acts and intentions. Eaton v. Bennett, supra; People v. San Francisco Savings Union, 31 Cal. 132; People v. Hastings, 34 Cal. 571; Marsh v. Supervisors of Clark Co., 42 Wis. 502; Lee v. Crawford, 10 N. D. 482, 88 N. W. 97.

Attaching such oath is mandatory. Eaton v. Bennett, supra; Cooley on Taxation, sections 412-413; Brevoort v. City of Brooklyn, 89 N. Y. 128.

All property * * * shall be assessed * * * in the manner prescribed by law. Const. N. D. section 179; Hertzler v. Cass County, 12 N. D. 187, 96 N. W. 294.

An assessment is a judicial requirement, the ground work of all subsequent proceedings. Without it no taxing officer could proceed. The legislature cannot dispense with it, and these matters are constitutional. Its absence is not a mere irregularity nor can the legislature control, excuse or cure it. Roberts v. First National Bank, 8 N. D. 504, 79 N. W. 1049; Bank v. Chestnut, 14 Ill. 223; Albany City v. Maher, 20 Blach. 341; Evans v. Fall River Co., 9 S. D. 130, 68 N. W. 195; 2 Desty on Taxation, p. 619; Cooley on Taxation, 304; People v. Holliday, 25 Cal. 301; Schumacher v. Toberman, 56 Cal. 508; Taylor v. Palmer, 31 Cal. 241; People v. Lynch, 51 Cal. 15; Stewart v. Shoenfelt, 13 Serg. & R. 350;

McReynolds v. Longenberger, 57 Pa. St. 13; Hodgson v. Burleigh, 4 Fed. Rep. 111.

Tax laws must be strictly construed. Sharp v. Spear, 4 Hill, 76.

When the manner of doing an act is prescribed, it must be done in that mode. Sutherland on Const. Construction, section 326, note 1 and cases; 1 Desty on Taxation, p. 516, note 14; Painter v. Hall, 75 Ind. 209.

All obligations of a city in excess of the debt limit are void. Lake County v. Rollins, 130 U. S. 662, 9 Sup. Ct. 651; Township of Doon v. Cummins, 142 U. S. 336, 12. Sup. Ct. Rep. 220; Birkholz v. Dinnie, 6 N. D. 511, 72 N. W. 931.

Failure to enter yeas and nays on propositions to create liability against the city render the action void. Section 2143, Rev. Codes 1895; Shattuck v. Smith, 6 N. D. 56, 69 N. W. 5.

No power to assess or levy taxes can be delegated. Const. N. D., section 178; Reelfoot Levee District v. Dawson, 34 L. R. A. 725; Cooley on Taxation, p. 51; Cooley's Const. Lim., pp. 248, 249.

Retaining fruits of prohibited contracts does not subject the corporation to liability. Engstad v. Dinnie, 8 N. D. 1, 76 N. W. 292; Goose River Bank v. Willow Lake School Twp., 1 N. D. 26, 44 N. W. 1002; Tennant v. Crocker, 48 N. W. 577; Bladen v. Philadelphia, 60 Pa. St. 464; City of Litchfield v. Ballou, 114 U. S. 190, 29 L. Ed. 132.

The power to levy a tax is limited to a public purpose. The items in the appropriation bill of the legislature for 1901 "For annual dues to League of American Municipalities, $30," "For tri-state drainage investigation, $200." The foregoing amounts levied were not for public purposes. Dodge v. Mission Township, 54 L. R. A. 242, 107 Fed. 827; 1 Desty on Taxation, 15, note 11; Hanson v. Vernon, 27 Ia. 47; Ferris v. Vanier, 6 Dak. 186, 42 N. W. 31, 3 L. R. A. 713; Cook v. Portland, 13 L. R. A. 533; 1 Desty on Taxation, p. 17, and note 9; Cole v. LaGrange, 19 Fed. 871; People v. Morris, 13 Wend. 325; Conway v. Cable, 37 Ill. 82; Hart v. Henderson, 17 Mich. 218; Dean v. Borchsenius, 30 Wis. 236; Dean v. Charlton, 23 Wis. 590.

The curative power of the legislature reaches things voidable only, not void. Desty on Taxation, p. 620, note 12; Kimball v. Town of Rosendale, 42 Wis. 412; People v. City of Brooklyn, 71 N. Y. 495; 2 Desty on Taxation, 1285.

The legislature cannot directly exercise the power of assessment or taxation within an incorporated city, but must empower the municipal authorities to do so.   Taylor v. Palmer, 31 Cal. 241; People v. Lynch, 51 Cal. 15; N. D. Const., article 6, section 130; People v. Common Council, 28 Mich. 228; Schumacker v. Toberman, 56 Cal. 508; People v. Lynch, 51 Cal. 15; Bixler v. Sacramento County, 59 Cal. 698.

The plaintiff was not obliged to tender money which the property mentioned in the complaint should contribute as taxes for all conceivable purposes, as a condition of relief.   The point was not raised or argued in the court below; that court, in attempting to apply a rule of equity, wholly disregarded the practice of equity on such occasions, as respondents, under the equity rule should have demurred.   1 Daniels on Ch. Pr. 587; Marsh v. Marsh, 16 N. J. Eq. 391; Miller v. Jamison, 24 N. J. Eq. 41; Bliss on Code Pleading, section 10; Bonesteel v. Bonesteel, 28 Wis. 245; 1 Daniels on Ch. Pr. 587; Grimes v. Grimes, 143 Ill. 550; Johnson v. Burnside, 3 S. D. 230, 52 N. W. 1057.

When a tax is absolutely void the defendants have no equity to receive such a tax and plaintiff is under no obligation to pay or tender any part of it.   1 Pom. Eq. Jur., sections 385-386; N. P. Ry. Co. v. Barnes, 2 N. D. 310, 51 N. W. 386.

The great weight of authority holds that the law does not require the payment or tender of a tax alleged to be void, as a condition precedent to the relief.   Gage v. Kaufman, 133 U. S. 471, 10 Sup. Ct. Rep. 406; Harper v. Row, 53 Cal. 233; Cooley on Taxation, p. 552; Desty on Taxation, 908; Conway v. Cable, 37 Ill. 82; Hart v. Henderson, 17 Mich. 218; Clement v. Everest, 29 Mich. 19; Barber v. Kelly, 11 Minn. 370; Barber v. Evans, 27 Minn. 92, 6 N. W. 445; Power v. Larabee, 2 N. D. 141; 49 N. W. 724; O'Niell v. Tyler, 3 N. D. 47, 53 N. W. 434; N. P. Ry. Co. v. McGinnis, 4 N. D. 494, 61 N. W. 1032; Eaton v. Bennett, 10 N. D. 346, 87 N. W. 188; Salmer v. Lathrop, 10 S. D. 216, 72 N. W. 570; Siegel v. Supervisors of Autagamie Co., 26 Wis. 70; Marsh v. Supervisors of Clark Co., 42 Wis. 502; Philleo v. Hiles, 42 Wis. 531.

In the absence of any legal assessment and levy the owner cannot determine what sum he should tender.   Barber v. Evans, 27 Minn. 92, 6 N. W. 445; O'Niell v. Tyler, 3 N. D. 47, 53 N. W. 434; Eaton v. Bennett, 10 N. D. 346, 87 N. W. 188.

Equity will restrain the issue of a deed upon tax sale when the assessment was invalid by reason of the lack of an assessor's return oath attached to the roll, without requiring other proof of injury to the plaintiff from the pretended tax. Marsh v. Supervisors of Clark Co., 42 Wis. 502.

The three-year limit within which to commence suit to quiet title does not apply to this action. Sweigle v. Gates, 9 N. D. 538, 84 N. W. 481; Roberts v. First Nat. Bank, 8 N. D. 504, 79 N. W. 1049; Salmer v. Lathrop, 10 S. D. 216, 72 N. W. 570.

The statute of limitations is not set in motion if the defects relate to matter that is jurisdictional to issue a tax deed. Roberts v. First National Bank, 8 N. D. 504, 79 N. W. 1049.

Lack of an assessor's oath is jurisdictional and the statute of limitations does not run. Eaton v. Bennett, 10 N. D. 346, 87 N. W. 188.

*Emerson H. Smith,* for respondents, The County of Cass, Arthur G. Lewis, as county auditor, and Melvin S. Mayo, its county treasurer.

The word "mandatory" in section 29, Const. N. D., as applied to section 197 of such constitution, applies to judicial, not ministerial, acts of the assessor. This is the only construction in harmony with the intent of the two sections mentioned when read together. Priggs v. Pennsylvania, 16 Peters 612, 41 U. S. 539; 10 L. Ed. 1061.

The words in section 179 of the constitution, "assessed in the manner provided by law," were used in a popular and not a technical sense, and the court has a right to discover the intent of the framers of that instrument. Miller v. Dunn, 72 Cal. 465, 14 Pac. 27.

In determining the office of words used in a constitution the object is to give effect to the intent of the people adopting it. 6 Am. & Eng. Enc. of Law (2d Ed.), 921; Cooley on Const. Lim. (5th Ed.) 66; Gibbons v. Ogden, 9 Wheat. 1, 6 L. Ed. 23; Newell v. People, 7 N. Y. 97; People v. Fancher, 50 N. Y. 291.

Two things are indispensably essential to an assessment, viz.: First, the property to be assessed must be so described as to mark its identity; second, its identity disclosed, its validity must be determined. The legislature cannot dispense with these requirements nor can they be cured. Cooley on Const. Lim. (6th Ed.) 469; Sinclair v. Learned, 51 Mich. 345, 16 N. W. 672.

Failure to affix the assessor's affidavit of assessment is merely an irregularity which in no way prejudices the taxpayer. It can therefore be cured and is fully cured by the curative acts of the legislature. Chapters 158 and 166, Laws of 1903.

The levy for 1896 was valid. It is in harmony with the law in force at that time and should be construed to be a valid levy. Conceding that the record of the commissioners discloses two complete levies—one in percentages and the other in specific amounts, as the law required the levy to be made by percentages—only one would be a levy. The same may be said of the levy for 1897. The appearance of two kinds of ink in the entry, without other evidence, raises no presumption against the record. The presumption of the law is that public officers perform their duty in the absence of any showing to the contrary. Subdivision 15, section 5713a, Rev. Codes 1899; Fisher v. Betts, 12 N. D. 197, 96 N. W. 132; Paxton v. State, 81 N. W. 383; Chamberlain Banking House v. Doolsey, 83 N. W. 729.

If the levies were invalid, the legislature has power to declare a prior invalid levy valid; that the said invalid levies were validated. Chapter 159, Laws of 1901; section 3, chapter 158, Laws of 1903; Smith v. Shattuck, 6 N. D. 56, 69 N. W. 5; Wells Co. v. McHenry, 7 N. D. 261, 74 N. W. 241.

Appellant's property was chargeable with a tax for each year it was assessed; before she can ask relief in a court of equity she must pay, or offer to pay the sums lawfully and justly due according to her theory of the assessment; and that it is not sufficient to offer readiness and willingness to pay whatever may be found to be due; she can obtain relief only after her performance. 1 Pom. Eq. Jur. (2d Ed.) section 385; Koehler v. Dobberpuhl, 14 N. W. 644; Fifield v. County of Marinette, 22 N. W. 705; State Railroad Tax Cases, 92 U. S. 575, 23 L. Ed. 663; Hart v. Smith, 44 Wis. 213; Cartwright v. McFadden, 24 Kan. 671, 10 L. R. A., note p. 296; National Bank v. Kimball, 103 U. S. 732, 26 L. Ed. 469; Black. on Tax Titles (2d Ed.) sections 119, 120; Wisconsin Cent. Ry. Co. v. Lincoln County, 30 N. W. 619; Warden v. Supervisors of Fond du Lac County, 14 Wis. 618; Farrington v. New England Investment Co., 1 N. D. 102, 45 N. W. 191; Railroad Co. v. Franz, 22 Ill. 34; City of Laurence v. Killam, 11 Kan. 375; South Platte Land Co. v. City of Crete, 7 N. W. 859; Tisdale v. Auditor General, 48 N. W. 568; Smith v. Prall, 24 N. E. 521; Morrison

v. Hershire, 32 Ia. 271; Frost v. Flick, 1 Dak. 131; Clark v. Granz, 2 Minn. 387; Susquehanna Bank v. Supervisors, 25 N. Y. 312.

*M. A. Hildreth,* for respondents, The City of Fargo, H. J. Gibson, as city auditor, and The Board of Education of Fargo.

The omission of the assessor's affidavit from the assessment roll is at most an irrregularity. The legislature could have provided for the omission of this affidavit in the first instance, and it can by a subsequent act cure the defect. Cooley on Taxation, 307; Shattuck v. Smith, 6 N. D. 79, 69 N. W. 5. While in Eaton v. Bennett, 10 N. D. 346, 87 N. W. 188, the provision of section 1219, Rev. Codes 1899, was held to be a mandatory provision, yet, as it was competent for the legislature to omit that provision in the first instance, it can cure it by subsequent enactments. Farrington v. New England Investment Co., 1 N. D. 102, 45 N. W. 191.

MORGAN, J. At the annual tax sale for the year 1897 for the county of Cass, 37 lots owned by the plaintiff in the city of Fargo appeared upon the list to be sold for the delinquent taxes of the year 1896. There being no bidders for said lots, the same were bid in by the auditor for and on behalf of the county of Cass. The taxes on said lots for the years 1897, 1898, 1899, 1900, 1901 and 1902 were not paid, and their validity and the right of the county to enforce them are involved in this action. None of said lots was ever sold or bid in for the county except for the 1896 taxes. The taxes for the years 1897, 1898 and 1899 were charged upon the books of the county auditor as taxes due on said lots subsequent to the sale of 1897. The plaintiff brings this action to set aside the sale of 1897, and to set aside the taxes levied on said lots for the years subsequent to 1896 up to the year 1902, and to enjoin their collection. The grounds relied upon for the relief asked for are specifically set forth in the complaint, and will be referred to later, so far as necessary for the determination of this appeal.

The relief demanded in the complaint is as follows: First, that the sale of said lots for the taxes of 1896 be adjudged void, and said sale set aside; second, that the pretended assessments, levies and taxes upon said lots for the years 1896, 1897, 1898, 1899, 1900, 1901 and 1902 be adjudged null and void, and the same set aside; third, that the auditor of Cass county be enjoined and restrained from collecting the amounts of the pretended assessments and levies against said lots for said years, and that he and his successors be

forever restrained and enjoined from collecting the same, and that he be required to cancel the record of said taxes in his office; fourth, that the plaintiff have such other, further or different relief in the premises as may be just, and the court may see fit to grant, together with the costs.

The grounds upon which it is claimed that the taxes levied upon said lots are void are numerous, and it is claimed that the same grounds exist as to said taxes in each of said years, in several particulars. It is alleged that the assessment roll of the city of Fargo was not authenticated by the assessor during any of said years as required by law. The assessor did not accompany the filing of the assessment roll in the city auditor's office with the verification required by law, and it is claimed that such omission is fatal to the tax and all proceedings subsequently based thereon. Section 2185, Rev. Codes 1899, provides that the city assessor "shall be governed by the same laws and regulations as county and township assessors." Section 1191, Rev. Codes 1895, provides, "The assessor shall make and subscribe an oath to be certified by the officer administering it and attached to the assessment roll." Assuming a verification of the assessment roll by the city assessor to be a requirement imposed upon him by the statute, the same as in cases of county assessors, we are asked to cancel all tax proceedings against plaintiff's lots, and all taxes levied thereon, on account of this omission on the part of the assessor to attach the same to the roll. On plaintiff's part it is claimed that the statute imposing the duty to so verify the assessment roll is mandatory upon him, and his failure so to do renders the assessment entirely void, and that it is not in any sense an assessment; that section 179 of the Constitution, providing that "all property * * * shall be assessed * * * in the manner prescribed by law," gives the taxpayer a constitutional right to demand that every statutory provision relating to procedure on assessment of property be strictly complied with; and that the requirement as to verification is mandatory, and, if omitted, there can be no assessment on which any proceedings can be legally based. On the part of the city and county authorities it is contended that the said constitutional provision relates only to taxation matters, in regard to the assessment, as to matters of substance, and not to matters of authentication of the assessment roll. The plaintiff and defendant both claim that the question has been determined in favor of their respective conten-

tions by the prior decisions of this court. This makes it necessary to review the former decisions of this court in taxation proceedings:

In Farrington v. New England Investment Co. and the County Treasurer, 1 N. D. 102, 45 N. W. 191, the effect of an omission to verify the assessment roll by an assessor was before the court. That case was an equitable action to cancel tax certificates issued upon a sale for taxes where the assessor had not verified the assessment roll. The omission was held to vitiate the sale, but it was therein further held that such omission was not fatal in an equitable action, to the extent that the plaintiff was excused from paying or tendering the amount of taxes justly and equitably due upon the property. It was further held in that case that under section 1643, Comp. Laws 1887, no tender was necessary, inasmuch as said section provided for judgment against the owner of the property and in favor of the person paying the tax for the amount of taxes paid by him at the sale, in lieu of a tender. From the reasoning in that case, it is apparent that the action would have been held not maintainable in the absence of tender if section 1643 had not been in force. In that case Wallin, J., dissented, but did not indicate his reason therefor.

In Bode v. New England Investment Co. and the County Treasurer, 1 N. D. 121, 45 N. W. 197, involving the same question on the merits as the Farrington case, the same result was reached. Although the assessment was held void in these cases if attacked in a law action, judgment was rendered for the full amount of the taxes, including interest and penalties. If judgment can be properly rendered for such taxes under a statute, it must follow that a tender can be exacted of the just taxes due in an equity action to avoid the taxes.

In Power v. Larabee, 2 N. D. 141, 49 N. W. 724—an action to quiet title and remove a cloud upon the title caused by a tax deed —it was held that the land attempted to be taxed was not described, and that the board of equalization did not meet to give an opportunity for remedying excessive taxes, and that, in consequence of the fact that the land was not described, the court was unanimous in the holding that there had been no assessment of the land, and that no tender of the taxes justly due was a necessary prerequisite to bringing or maintaining the action. The failure of the board of equalization to meet was held by a majority of the court to be such an omission relating to the assessment, in its substance,

that no tender of the amount of the taxes justly due was necessary. Judge Bartholomew dissented on the proposition that the failure of the board of equalization to meet as required by law rendered the assessment invalid, to the extent that payment or tender was excused, and maintained that the doctrine of the Farrington case should be adhered to, in respect to tender or the rendering of judgment in lieu thereof. In a concurring opinion in that case, Judge Corliss·used this language: "The case of Frost v. Flick, 1 Dak. 131, 46 N. W. 508, it is true was cited in the prevailing opinion in Bode v. Investment Co., 1 N. D. 121, 45 N. W. 197, but this particular point was not then involved and the writer feels free to express his dissent from that case in so far as by its reasoning and its conclusion it conflicts with the views here expressed." It must be admitted that the reasoning in the Farrington and Bode cases is not in harmony with what was said in a general way by Judge Corliss in the Power v. Larabee case. The point involved in the Farrington case (the omission to verify the assessment) and the point involved in the latter case (absence of an opportunity to be heard) are not the same. At all events, it is apparent that the decision of Power v. Larabee leaves it doubtful whether the doctrine of the Farrington case has been overruled, in so far as it holds that a tender of the just taxes must be made before an assessment can be attacked in equity upon the sole ground that the assessor omitted the statutory verification.

In O'Neil v. Tyler, 3 N. D. 47, 53 N. W. 434—an action to determine adverse claims between individuals, in which the validity of a tax deed was involved—it was held that such an action is an equitable action; that a tender of the taxes justly due and ascertainable was not essential to the maintenance of the action, for the reason that the Compiled Laws of 1887 (sections 1640-1643) provided for a substitute for such tender. It was there stated that the court was, "on principle, * * * opposed to the theory that a taxpayer should, especially where the collection of the revenue is not involved, as a condition of relief, be forced to have his taxes assessed and levied by a court, in lieu of having them assessed and levied by other officers, who are familiar with the subject-matter, and who are especially appointed by law to assess and levy the taxes of all citizens." In that case the doctrine of Power v. Larabee, supra, that the obligation of payment or tender does not arise on the part of the tax debtor unless the tax is a substantially

legal one, was adhered to. In that case the ground upon which it was held that the tax deed was void was that there was an entire absence of a city levy by authorized persons; that the levy should have been made by the "mayor and council," but the mayor did not take any part in such levy.

In Railroad Co. v. McGinnis, 4 N. D. 494, 61 N. W. 1032, the Farrington case was followed, in so far that a tender was necessary in equitable actions to avoid taxes in the absence of statute. Among the defects relied on in that case was the fact that the assessor had not verified the assessment roll as provided by law, and such omission was held not sufficient to excuse tender in an equity case; and a judgment for the tax based on such an assessment was ordered, under section 1643, Comp. Laws 1887, and the law and procedure laid down in the Farrington case followed. The opinion in this case was written by Judge Corliss after his concurring opinion in the Power v. Larabee case, but in it nothing is said that in any way limits the application of the Farrington case, as seems to have been done in the Power-Larabee case.

In Eaton v. Bennett, 10 N. D. 346, 87 N. W. 188—an action to quiet title based on tax deeds claimed to have been void for the reason that the assessor's oath was omitted from the assessment roll—this court held that such omission avoided the assessment in an action to quiet title, but the application of the doctrine was expressly limited to that class of actions. The court said: "It is true that a majority of this court held in Farrington v. Investment Co., supra, that a court of equity will not enjoin the enforcement of a tax on the ground that the assessment was irregular or void, in this: That the assessor's oath was not attached to the roll. *  *  * But that case will show that the rule there laid down has no application to a controversy such as this, in which public rights are not involved, and where private rights are alone at stake. In the opinion the following language was used * * *: 'In possessory actions between the holder of the tax title and the patent title, where the interests of private parties alone are involved, and where the rule of caveat emptor applies in all its strictness, courts of law are scrupulously careful that no man be deprived of his property through tax proceedings that are not in all respects in substantial compliance with the statutory requirements.'"

In Pickton v. City of Fargo, 10 N. D. 469, 88 N. W. 90—an action to annul a city paving tax, and to enjoin the county officials from

enforcing the same—it was held that the action was a proper one and maintainable. The facts of that case showed a failure to give the persons affected by such tax an opportunity to be heard; and it was also held in that case that "substantial injury" to the taxpayer would be presumed from an assessment made without authority of law, and without substantial compliance with the forms of law relating to assessments. In this case the question of tender was not raised nor considered.

No one of these cases is authority for the statement that the rule in Farrington v. New England Investment Co., supra, has been departed from. The cases in which the rule of that case has been modified were not cases involving the same facts, and were cases between individuals, involving private rights, in which the public was in no way interested. Such cases were expressly excepted from the rule laid down in the Farrington case.

So far as the omission of the verification from the assessment roll by the assessor affects the assessment, when attacked in an equitable action to prevent the public officers from collecting the tax, we are agreed that the omission should not be held fatal to the tax in such an action, when no facts are shown to affect the assessment, further than the mere omission of the assessor's affidavit. Such is the holding in the Farrington case, and we think that it is sustained by the better reasoning, and is consistent with the principles applicable in all equitable actions. The plaintiff comes into a court of equity asking for relief, and the merits of his action must be determined by principles applicable in equitable actions. It is nowhere alleged in his complaint that the valuation of his property was excessive or not uniform, or that the omission to verify the roll was through improper or corrupt purposes, that in any way injured the plaintiff. The valuation of his property is not attacked in any particular, and the sole ground for relief is based on the mere absence of the affidavit from the roll when it was filed. This is not enough, in a court of equity, in actions brought by a person to prevent the collection of taxes by the public authorities. The defect is not one that should be held to presumptively show such injury as to warrant a court of equity in enjoining the collection of the tax in the manner provided by law. An allegation and proof that the property was not subject to taxation, or was taxed by an unauthorized person or for a wholly unauthorized purpose, or that the assessment was not uniform or was excessive,

or other similar allegation, or proof showing injury, should be made, before a court of equity will grant relief, unless the plaintiff does equity by paying or tendering what is justly due and ascertainable as a tax upon his property. In the Farrington case, supra, it was said: "Courts of equity should, in general, extend the strong arm of their preventive power to restrain the collection of a tax or annul tax proceedings only where the property sought to be taxed is exempt from taxation, or the tax itself is not warranted by law, or the persons assuming to assess and levy the same are without authority so to do, or where the proper taxing officials have acted fraudulently, and, in addition, plaintiff must bring himself within some recognized rule of equity jurisprudence; and, in the absence of statutory provisions regulating the subject, as a condition to relief in equity the applicant must pay or tender the amount of taxes properly chargeable against his property." We are satisfied that this principle is the correct one to follow, and that to follow the one contended for by plaintiff, that no tender or payment is required, would be to violate the plain and well-established doctrine of equity jurisprudence, as generally laid down. The Farrington case announced the better doctrine, and one entirely satisfactory to us. It is well fortified by authority, and the authorities are there collected. We shall not cite them here, but are content to refer to them, and to say that the cases cited sustain the holding in that case, and that the decision in that case meets with our unqualified approval. In addition to the cases there cited, the following are also in point: Hixon v. Oneida County, 82 Wis. 515, 52 N. W. 445; McComb v. Lake County (S. D.) 70 N. W. 652. Many of the cases cited below are to the same effect as the point now under consideration.

The mere allegation of a want of the assessor's verification is not the equivalent of an allegation that the assessment is excessive, unequal or unjust. Such an allegation does not negative a just and honest assessment. Great stress is laid upon the constitutional provision that property shall be assessed in the manner provided by law (section 179, Const. N. D.), and the contention is made that such provisions are mandatory, and any deviations therefrom render the tax void. So far as this point is concerned, we do not think that the constitutional provision has any application. It is a mandatory provision, as are all provisions of the Constitution, unless the language shows a contrary intent. But admitting that it is a mandatory

provision, and that the verification by an assessor is a part of the assessment, and that its absence renders the assessment void, still we cannot admit the plaintiff's contention that she is thereby excused from doing that which equity requires, when she invokes the aid of equity in relieving her from alleged illegal and void taxes. The record shows that some taxes were legally due in 1896, and, conceding that there were illegal sums included in the 1896 levy, it was a mere matter of computation to ascertain the illegal sums included; and, by deducting such illegal sums from the sum attempted to be levied, the exact sum of taxes legally due could be ascertained. If a part of the levy is legal and a part illegal, the collection of the whole tax will not be enjoined, nor the illegal part, unless the legal part be tendered.

The following additional objections are made to the taxes of 1896: (1) The city levy to pay for paving the street intersections under contracts with one O'Neill was void; (2) the annual appropriation bill of the city did not contain an itemized statement upon which to base the levy; (3) no annual appropriation bill was passed by the city, upon which to base a levy; (4) the city levy exceeds the amount authorized by law; (5) that the county levy is indefinite and uncertain; (6) that the county levy contains amounts in the item of interest and sinking fund not authorized by law. Neither of these objections to the tax goes to the validity of the assessment, as to jurisdictional or fundamental matters. There is no objection made to the levy for 1896 that goes to the validity of the levy in its entirety. Illegal sums or items are claimed to have been included therein, but the amount claimed to be illegal or excessive is shown definitely in specified amounts. Hence the items illegally included in the levy, as claimed by plaintiff, are separable from the legal amounts included in the levy, so that the plaintiff had it within her power to compute with exactness what her legal taxes ought to be if they had been levied only for legal purposes or in legal amounts; and it was her duty to determine what she legally owed, based upon the levy composed of lawful items, as understood or claimed by her. As we look upon the record, this could have been easily done, and would not be uncertain in the result, but would result in an absolute sum, made up of items not claimed to be illegal as items in a levy. To illustrate: Reference is made to the first ground of illegality above named. The specific objection made is that the O'Neill contract created a liability in excess of the debt

limit prescribed by the constitution, and that the contract for paving the streets was not approved by the city council, or entered into by a yea and nay vote, showing the individual vote of the members voting. Under this contract, payment of one-fifth of the amount was to be made annually. The amount to be levied for its payment each year was therefore a definite sum, and, if illegal, the plaintiff could compute the amount of her just tax by excluding this sum from the levy, and compute the amounts legally included in the levy. As the item objected to is an amount certain and fixed each year, the objection that the just amount of taxes due and demandable was not ascertainable is not sustainable.

The next objection is that the annual appropriation bill passed by the council of the city of Fargo for the year 1896 was not fully itemized, so far as it relates to general purposes, but an appropriation of $32,000 was made "for all other purposes." Under the present statutes (section 2190, Rev. Codes 1899), city levies must be based upon the annual appropriation bill, and the contention is made that the whole levy is void because such appropriation for general purposes is not itemized. We do not think that the plaintiff can avail herself of such contention, if it be admitted to be a valid contention, as a matter of law. The ordinance appropriated money in specific sums for other purposes, such as lighting the streets and improvement of streets and bridges, and as to these items no objection is made; and no objection is made to the levy based upon this 1896 appropriation ordinance, so far as it is itemized, except as to the aggregate sum ($32,000) levied for "all other purposes." The levy is not, therefore, for an unlawful purpose, in the aggregate, and it is so itemized that it is easy to determine therefrom what plaintiff's taxes would justly be if any illegal sum had been included in the levy. The plaintiff bases her claim for relief upon the sole ground that the sum of $32,000 appropriated for all other purposes should have been itemized. There is no claim made against the validity of the state taxes, and no valid objection is made against the county taxes, and the objection to the city levy reaches certain items only.

The next objection to the 1896 taxes is that the appropriation ordinance for that year was not regularly passed, by reason of the failure of the proceedings to show the individual vote of the councilmen. We see no valid reason for holding the levy void in its entirety for this reason. The appropriation ordinance is not the levy. The

levy follows such ordinance, and must be based on it.  If conceded that the levy was void, still that would not excuse plaintiff from paying the legal taxes before seeking to restrain the public officers from collecting the taxes.

The next contention is that the 1896 levy was excessive in the sum of $9,694.52.  The contention is that the levy exceeded the 20-mill levy authorized by law, by this sum.  Conceding that this rendered the levy excessive and void, it brings the levy within the principle heretofore mentioned—that the legal amount due as taxes upon plaintiff's property was ascertainable.

Appellant contends that the county levy for 1896 was void for indefiniteness, because made in percentages as well as in specific amounts.  The following is a copy of a part of the levy, as shown by the resolutions:  "(3) For bridges, 1.2 mills, making fifteen thousand, two hundred eighty-four dollars."  The statutes then in force required the levy to be made in specific amounts.  The levy shows that the amounts levied for each purpose were specified. The percentage levy was also specified, but was superfluous, and should be rejected as such, and not considered.  The result of the levy by percentages is, however, the same in this case, and no prejudice could follow by reason of the percentage having been named in connection with the total amount levied.  The levy was made in specific amounts, and was regular, although coupled with a levy by an illegal method.

The next objection to the 1896 tax is that a sum was included in the levy to pay interest on certain refunding bonds of the county, which it is claimed were illegally issued.  The amount thus claimed to have been illegally included in the levy was a definite and fixed sum, and, if illegal, it was a mere matter of computation for the plaintiff to ascertain what sum she was obligated to pay, without including the item of interest claimed to be illegal.

The foregoing comprises all the objections to the 1896 tax.  Our conclusion is that not one of them goes to the groundwork of the assessment or of the levies in their entireties, under the rule laid down in the Farrington case, and none of them is of such a character as to warrant a conclusion that the whole assessment or the levies are void in an equity action.  Therefore the action cannot be maintained until the plaintiff offers to do equity by paying such taxes as are justly due, when admittedly legal sums are included in the levy with those alleged to be illegal.  In all the levies objected

to, the legal sums are readily separable from the alleged illegal ones. It was the plaintiff's duty to ascertain what she deemed justly due, and to tender that sum before asking to have the sale canceled, and the officers enjoined from taking any measures to collect such taxes. She cannot avoid the danger of an outstanding adverse title in some person by enjoining the public officers from collecting the taxes without payment or tender of the taxes justly due. The following cases uphold the principle that such legal taxes as are conceded or can be ascertained by computation must be paid before the public authorities will be enjoined from collecting the taxes: Thompson v. City of Lexington, 104 Ky. 165, 46 S. W. 481; Albuquerque National Bank v. Perea, 147 U. S. 87, 113 Sup. Ct. 194, 37 L. Ed. 91; Cooley on Taxation (3d Ed.) p. 1424, and cases cited; Hyland v. Brazil Block Coal Co. (Ind. Sup.) 26 N. E. 672; Logansport v. Case, 124 Ind. 254, 24 N. E. 88; Hyland v. Central Iron & Steel Co. (Ind. Sup.) 28 N. E. 308, 13 L. R. A. 515; Briscoe v. Allison, 43 Ill. 291; City of Lawrence v. Killam, 11 Kan. 499; Bank v. Ferris, 55 Kan. 120, 39 Pac. 1042; O'Kane v. Treat, 25 Ill. 557; Tisdale v. Auditor General, 85 Mich. 261, 48 N. W. 568; City of South Bend v. University of Notre Dame du Lac, 69 Ind. 344; M. & O. R. R. v. Moseley, 52 Miss. 127; Smith v. Rude Bros., 131 Ind. 150, 30 N. E. 947; County Commissioners v. Union Mining Co., 61 Md. 545; Morrison v. Hershire, 32 Iowa 271; Conway v. Township Board of Waverly, 15 Mich. 257; German National Bank v. Kimball, 103 U. S. 732, 26 L. Ed. 469; O'Neil v. Tyler, 3 N. D. 47, 53 N. W. 434; Wisconsin Central R. Co. v. Lincoln County, 67 Wis. 478, 30 N. W. 619; Boorman v. Juneau County, 76 Wis. 550, 45 N. W. 675. Desty on Taxation, p. 658, summarizes the rule as follows: "It should be shown as near as possible what part is just and what part is unauthorized, and that which is just should be paid, as a condition of obtaining the relief sought." In Merrill v. Humphrey, as Auditor General, 24 Mich. 170, 175: "What the details of the relief shall be, is not so clear. We have already said that the complainant should be required to do equity, as a condition of relief. What is just to the public cannot be done unless he pays within due time such proportion of the tax assessed upon him as he concedes to be fair; and we think this payment should be required by the injunction master to be made to the proper officer, as a condition to the allowance of the injunction."

A tender was unnecessary in the Farrington case, as section 1643, Comp. Laws 1887, was held to authorize rendering judgment for the legal taxes due, and this was held a substitute for a tender. Section 1640, Comp. Laws 1887, provided: "No action shall be commenced by the former owner or owners of lands, or by any person claiming under him or them, to recover possession of land which has been sold and conveyed by deed for nonpayment of taxes, or to avoid such deed, unless such action shall be commenced within three years after the recording of such deed; and not until all taxes, interest and penalties, costs and expenses shall be paid or tendered by the parties commencing such action." Section 1643 provided that "whenever any action or proceeding shall be commenced and maintained * * * to prevent or restrain the collection of any tax or part thereof, * * * or to restrain, prevent, recover or delay any payment of taxes, the true and just amount of taxes due upon such property * * * must be ascertained and judgment must be rendered and given therefor against the taxpayer," etc. These sections were repealed in 1897. See section 110, chapter 126, p. 297, Laws 1897. There is now no statute in force giving the right to render judgment for the taxes ascertained to be justly due in an action like this one, or like the action in the Farrington case, and there is at present no statute law in force that can be properly claimed to be a substitute for sections 1640, 1643, Comp. Laws 1887. It is insisted that chapter 158, p. 209, Laws 1903, and chapter 166, p. 232, Laws 1903, and sections 78, 88, chapter 126, pp. 286, 289, Laws 1897, authorize a judgment to be rendered for the taxes in this case, and that such law does away with the necessity for a tender of the valid taxes, and that said laws are of the same effect as section 1643, Comp. Laws 1887. From a careful reading of these laws, it is apparent that they do not authorize the rendering of judgment for taxes due in a case like this. The facts of this case do not bring the action within the provisions of either of these laws, so far as rendition of judgment is concerned.

After the decision in this case was announced by the trial court, and before findings were made, the appellant asked leave to amend the complaint as follows: "That this plaintiff is willing, ready and able to pay any sum or amount that the court may find that this plaintiff should pay as a valid tax or taxes upon the aforesaid and herein-described lands, or any part thereof, and hereby offers to

pay the same," and, further, "that the court ascertain and find the amount of the valid taxes on the hereinbefore-described property that this plaintiff should pay, that this plaintiff may be enabled to pay the same." The court denied this motion unless the plaintiff deposit in court, within twenty-four hours, the money which the property described in the complaint should contribute as taxes during the years 1896 to 1902, inclusive. No deposit was made of any amount, and the action was ordered dismissed. The amendment asked for should not have been granted. It was not a tender of any sum. It first required the court to determine the legality of all her taxes, in order that she might know what sums to pay. The prayer for amendment was not an equitable one. She must pay or tender whatever sum was ascertainable as due, before her suit is maintainable as an equitable suit. In place of burdening the court with protracted litigation in ascertaining the amount due, during which time she retains all moneys due, she must assume that burden herself, and, as a condition to maintaining the action, make a tender of all sums due under her version of the facts. As said in Kaehler v. Dobberpuhl, 56 Wis. 480, 14 N. W. 644: "When a taxpayer undertakes to stop the officers of the law from collecting a tax charged against his property, by a proceeding in equity, he should be required to demonstrate by his complaint that his property is not legally or equitably chargeable therewith." In Fifield v. Marinette County, 62 Wis. 532, 22 N. W. 705, it was said: "We must hold, therefore, that a complaint which does not allege in direct terms the injustice and inequality of the tax assessed upon the plaintiff's lands, and further allege a state of facts which, if proved on the trial, would establish the truth of the general allegation of its injustice, does not state facts sufficient to constitute a cause of action for equitable relief unless there be a further allegation of an offer to pay the taxes justly chargeable to the property of the plaintiff on account of which he seeks relief." See, also, Hart v. Smith, 44 Wis. 213; State Railroad Tax Cases, 92 U. S. 575, 23 L. Ed. 663; Palmer v. Township of Napoleon, 16 Mich. 176; County Commissioners v. Union Mining Co., 61 Md. 545; Bank of Garnett v. Ferris, 55 Kan. 120, 39 Pac. 1042; O'Kane v. Treat, supra.

We have mentioned the objections to the 1896 tax in detail to show the character of the grounds upon which equitable relief is demanded. For subsequent years, up to and including the 1902

taxes, the objections are either identical or similar in character. Conceding, then, for the purpose of this case, that the levies and assessments are void in courts of law, still, under the rule in the Farrington case, the defects, omissions, irregularities or illegalities do not bring the assessments or levies within any of the classes of assessments or levies that are held void, to the extent that tender or payment may be dispensed with in a purely equitable action. The evidence shows in every case that legal taxes were levied, and this would defeat the plaintiff's prayer for unconditional relief in a court of equity.

The judgment of the district court is affirmed. All concur.

ENGERUD, J., having been of counsel, did not sit in the hearing of the above-entitled cause; Hon. CHARLES J. FISK, of the First Judicial District, sitting in his place by request.